VAN PHAM, APPELLEE, *v.* REDLE ET AL., APPELLANTS.

(No. 12095 — Decided December 4, 1985.)

*Dorothy Morley Kantosky,* for appellee.

*James R. Whited,* for appellants.

MAHONEY, J. Appellant, Mary Redle, challenges an order of the Summit County Court of Common Pleas, Juvenile Division, establishing the existence of a father and child relationship between appellee, Deane Van Pham, and Martin John Redle, born to Mary Redle on July 12, 1984. We affirm.

### Facts

During the third week of October 1983, Deane Van Pham, a professor, hired Mary Redle, a thirty-year-old graduate student, to proofread his doctoral dissertation. At the same time, Van Pham invited Redle to dinner. Accepting, Redle drove as Van Pham owned no car. The next evening, October 21, 1983, Van Pham invited Redle for dinner and a drink. Again, Redle drove. As Redle dropped Van Pham off at his apartment in Akron, Ohio following the second dinner, Van Pham asked Redle to view the size of his apartment, as she had earlier agreed to help him select appropriate furniture. Upon entering the apartment, Redle maintains that Van Pham forced her to commit an act of sexual intercourse. The child was born on July 12, 1984, as a result of this act.

The record suggests that following this incident, Redle continued to work for Van Pham, see him socially, and even had sexual relations with him at his apartment on the day her pregnancy was confirmed. Redle, furthermore, made no complaint as to the crime of rape until after the child was born.

On July 24, 1984, Van Pham instituted paternity proceedings pursuant to R.C. Chapter 3111, claiming himself to be Martin's biological father. Redle filed a motion to dismiss the complaint for

lack of personal jurisdiction under R.C. 3111.06(B) as she did not consent to the sexual intercourse. The court held a hearing on the motion. It admitted Redle's deposition and allowed Redle to clarify parts of the deposition. Over Redle's objection, the court allowed no additional witnesses to testify on Redle's behalf. It did, however, request that a prosecutor sit in on the hearing as Redle had alleged that criminal conduct had occurred.

The court overruled Redle's motion to dismiss. The court concluded that its sole responsibility in a paternity proceeding is to determine the existence of a parent and child relationship. The court found no statute or law precluding the finding of such relationship in the event the sexual intercourse occurred by force. The court then found pursuant to R.C. 3111.08(B) that Redle had orally admitted Van Pham's paternity, and declared Van Pham to be the biological father of the child born to Redle.

### Assignment of Error I

"The court erred in entering a judgment because personal jurisdiction over defendant was not had according to Ohio Revised Code Section 3111.06(B)."

In her first assignment of error, appellant asserts that the trial court should have granted her motion to dismiss for lack of personal jurisdiction. She contends that the trial court erred in finding that consent to sexual intercourse is irrelevant to the grant of personal jurisdiction under R.C. 3111.06(B). This code section provides:

"A person who has sexual intercourse in this state submits to the jurisdiction of the courts of this state as to an action brought under this chapter with respect to a child who may have been conceived by that act of intercourse. In addition to any other method provided by the Rules of Civil Procedure, personal jurisdiction may be acquired by personal service of summons outside this state or by certified mail with proof of actual receipt."

We find no case law in Ohio to support appellant's proposition that in order for a court to acquire personal jurisdiction over a defendant in a paternity proceeding, the defendant must have consented to the act of sexual intercourse.

We believe Redle misconstrues the purpose of R.C. 3111.06(B). That section is essentially a "long-arm statute" to enable the court to obtain jurisdiction over non-residents of Ohio so as to determine whether a parent-child relationship exists. Here the court had the alleged father, child and mother personally before the court.

Additionally, R.C. 3111.08(A) provides that paternity proceedings are civil in nature. As such, they are governed by the Rules of Civil Procedure. Civ. R. 4 states that a court may acquire personal jurisdiction by service of process upon the defendant. Our examination of the record indicates that service of process was validly effected upon the appellant as she was personally served at her home in Akron, Ohio. The trial court, therefore, properly declined to dismiss the action.

### Assignments of Error II and III

"II. The court erred in refusing, over defendant's objection, to hear testimony by defendant in addition to that contained in the deposition and violated the rules regarding the use of depositions in Civ. R. 32.

"III. The court erred in refusing, over defendant's objection, to allow the testimony of witnesses in defendant's behalf."

Initially, Redle argues that the trial court violated Civ. R. 32 by reviewing her deposition prior to the hearing. This review, she contends, deprived her of the opportunity to object to the deposition's admissibility into evidence at trial. Civ. R. 32(B) provides in relevant part:

"Objections to admissibility. Subject to the provisions of subdivision (D)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying. Upon the motion of a party, or upon its own initiative, the court shall decide such objections before the deposition is read in evidence."

The Franklin County Court of Appeals, in *Standard Oil Co.* v. *Landmark Farm Co-Op* (1976), 52 Ohio App. 2d 225 [6 O.O.3d 240], found no prejudicial error when the trial court received into evidence depositions of the defendant without affording the defendant the opportunity to object at trial. In so finding, the court noted that the trial was to the court without a jury and that the defendant cited no part of the deposition that should have been excluded at trial. *Id.* at 235-236. Similarly, Redle argued her case to the court without a jury. In addition, she failed to demonstrate that any part of her deposition should have been excluded at the hearing. Therefore, under the reasoning of *Landmark,* we find that the trial court committed no prejudicial error in reviewing Redle's deposition prior to the hearing.

Second, Redle contends that the trial court erred not only in restricting the scope of her testimony, but also in refusing to allow others to testify in her behalf. Such exclusion, she argues, prejudiced her by preventing her from demonstrating that the sexual intercourse between the parties was forced rather than consensual.

Evidence having any tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence is relevant and therefore admissible. Evid. R. 401 and 402. It is within the sound discretion of the trial court to decide what evidence is relevant and will assist the trier of fact in determining a fact in issue. *State* v. *Williams* (1983), 4 Ohio St. 3d 53; *Owens* v. *Bell* (1983), 6 Ohio St. 3d 46.

To establish personal jurisdiction over the appellant under R.C. 3111.06 (A), the juvenile court needed only to determine that the appellant was served with summons within Summit County. The testimony of the appellant and others as to the consensual nature of the act of sexual intercourse at which the child was conceived was not relevant to this determination. Its exclusion therefore was not erroneous.

### Summary

The appellant's assignments of error are overruled. The judgment is affirmed.

*Judgment affirmed.*

QUILLIN, J., concurs.

GEORGE, J., concurs in judgment only.