Accordingly, appellants' first assignment of error is not well taken and is overruled.

In the second assignment of error asserted by the commission and the administrator, which raises the same issue asserted by French's sole assignment of error, appellants argue that the trial court's decision was against the manifest weight of the evidence. Based on our holding in the first assignment of error, these two assignments of error are likewise not well taken and are overruled.

Based on the foregoing, appellant administrator's and commission's motion to dismiss is denied. All four of appellants' assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY, P.J., and RADCLIFFE, J., concur.

GERALD E. RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment.

---

**DEANS et al., Appellants,**

**v.**

**ALLEGHENY INTERNATIONAL (USA), INC., Appellee.**

[Cite as *Deans v. Allegheny Internatl. (USA), Inc.* (1990), 69 Ohio App.3d 349.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004764.

Decided Sept. 12, 1990.

*William P. Lang* and *Patrick J. Perotti,* for appellants.

*Bryan Cermak,* for appellee.

CACIOPPO, Judge.

This appeal of a products liability judgment presents the single question of whether a trial court abuses its discretion by excluding evidence of accidents involving similar products of other manufacturers. Plaintiffs-appellants, Krystal Deans ("Deans") and Sandra McCormick ("McCormick"), maintain that such testimony is necessary to establish whether the product manufactur-

er, defendant-appellee Allegheny International (USA), Inc. ("Allegheny"), properly assessed the design risks as required under strict liability theory. We hold that the trial court did not abuse its discretion in rejecting this evidence and affirm.

## Facts

Deans was severely injured at the age of three and a half when she was struck by a Jacobsen LT 750 lawn tractor on September 20, 1987. After settling their claims against the operator, Deans and her mother, McCormick, filed a products liability suit against the manufacturer, Allegheny. The plaintiffs alleged simply that a defect in the lawn tractor's design resulted in the injuries to Deans.

On the first day of trial, Allegheny moved *in limine* to exclude all references to accidents involving tractors or lawn mowers other than the precise model involved in the litigation. The trial court granted this request, in part, and allowed only accident data pertaining to the Jacobsen LT 750, its predecessor, or successor. Plaintiffs-appellants made an appropriate proffer and their objection was noted. After the trial, the jury returned a general verdict in favor of Allegheny.

## Assignment of Error

"The trial court erred in granting the defendant's motion to exclude evidence regarding certain accidents and in excluding testimony that there were approximately 200,000 rotary lawn mower accidents per year in which people were injured prior to 1971, to the prejudice of the plaintiff."

Plaintiffs-appellants' alleged error is founded solely upon the trial court's refusal to allow their expert to testify as to the number of rotary mower accidents which had occurred nationwide prior to the design of the Jacobsen LT 750. Such evidence, they contend, would establish their strict liability claim by demonstrating that certain well-known risks were ignored by the design engineers. We disagree.

This court has recognized the longstanding rule that the admission or exclusion of evidence based on relevancy under Evid.R. 401 and 402 is within the sound discretion of the trial court. *Van Pham v. Redle* (1985), 29 Ohio App.3d 213, 215, 29 OBR 258, 260, 504 N.E.2d 1147, 1150. "Abuse of discretion" connotes more than an error of law or judgment as it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448, 451, 19 O.O. 148, 149, 31 N.E.2d 855, 856–857; *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 148; *Cedar Bay Constr. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552

N.E.2d 202, 205. Such a violation is found in the rare instance when a decision is grossly violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion, or extreme bias. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1251.

Given the facts of this case, it cannot be said that the exclusion of the proffered testimony amounted to an abuse of discretion. The three elements of a strict products liability action were set forth in *State Auto. Mut. Ins. Co. v. Chrysler Corp.* (1973), 36 Ohio St.2d 151, 156, 65 O.O.2d 374, 377, 304 N.E.2d 891, 894–895, as:

" * * * (1) There was, in fact, a defect in the product manufactured and sold by the defendant; (2) such defect existed at the time the product left the hands of the defendant; and (3) the defect was the direct and proximate cause of the plaintiff's injuries or loss." See, also, *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 321, 4 O.O.3d 466, 468, 364 N.E.2d 267, 270.

The question presented in this appeal clearly concerns only the first provision: a defect in the product manufactured. There is no meaningful distinction in this analysis between defects in manufacture and defects in design. *Leichtamer v. American Motors Corp.* (1981), 67 Ohio St.2d 456, 464–465, 21 O.O.3d 285, 290, 424 N.E.2d 568, 575; *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 6, 523 N.E.2d 489, 494.

A design defect may be established by one of two possible means. *Cremeans v. International Harvester Co.* (1983), 6 Ohio St.3d 232, 6 OBR 302, 452 N.E.2d 1281, syllabus, definitively states that:

"In determining whether a product design is in a defective condition, a single, two-pronged test should be used: under the consumer expectation standard prong, a defendant will be subject to liability if the plaintiff proves that the product design is in a defective condition because the product fails to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner; under the risk-benefit standard prong, a defendant will be subject to liability if the plaintiff proves, by using relevant criteria, that the product design is in a defective condition because the benefits of the challenged design do not outweigh the risks inherent in such design." (Citation omitted.)

The proffered testimony is not relevant under either of these approaches.

Beginning with the consumer-expectation prong, the fact that many accidents involve rotary mowers does not tend to suggest that the specific product in question fails to perform as safely as the ordinary consumer would expect.

To the contrary, such testimony is more likely to establish that rotary mowers are dangerous instruments in general. This obvious fact does not affect Allegheny's liability since a manufacturer is only required to make a product safe for its intended purpose—not accident or foolproof. *Temple, supra,* 50 Ohio St.2d at 326, 4 O.O.3d at 471, 364 N.E.2d at 273, quoting *Gossett v. Chrysler Corp.* (C.A.6, 1966), 359 F.2d 84, 87; *Cox v. Oliver Machinery Co.* (1987), 41 Ohio App.3d 28, 31, 534 N.E.2d 855, 859.

Turning to the risk-benefit prong, the raw number of rotary mower accidents nationwide does not pertain to the risks attendant to the specific tractor model under examination. Again, these general figures would demonstrate, at best, that risks are inherent in all such machinery. Such an inference clearly detracts from plaintiffs-appellants' allegation that a safer, more cost-beneficial mower could have been designed.

■ The proper focus in a products liability case is upon the product and the nature of the defect, not, as plaintiffs-appellants suggest, upon the conduct of the manufacturer. *Bowling v. Heil Co.* (1987), 31 Ohio St.3d 277, 282, 31 OBR 559, 563, 511 N.E.2d 373, 377. Whether the designers of the Jacobsen LT 750 knew that other rotary mowers had been associated with accidents is simply irrelevant. As stated in *Onderko v. Richmond Mfg. Co.* (1987), 31 Ohio St.3d 296, 301, 31 OBR 576, 579–580, 511 N.E.2d 388, 392:

" * * * Evidence of prior similar accidents, offered to show that a defendant knew or should have known of a product's dangerous propensities, is relevant only to negligence. Such evidence has no bearing in a claim based on strict products liability where its purpose, as here, is to show knowledge or notice of prior accidents." (Citation omitted.)

It must be stressed that the record clearly indicates that the sole purpose of the proffered testimony was to imply that the product designers were or should have been aware of the dangers of such lawn care devices. Therefore, the trial court did not abuse its discretion by excluding the accident data. Plaintiffs-appellants' assignment of error is overruled.

*Judgment affirmed.*

REECE, P.J., concurs.

QUILLIN, J., concurs in judgment only.