OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Scott et al., Appellants, v. Yates, Appellee.
[Cite as Scott v. Yates (1994),     Ohio St.3d     .]
Evidence -- Trial court abuses its discretion in permitting investigating police officer to testify as to which party was at fault in automobile accident, when -- Qualifications of expert witness.
(No. 93-1643 -- Submitted October 26, 1994 -- Decided December 20, 1994.)

Appeal from the Court of Appeals for Ross County, No. 92CA001917.

Appellant Phyllis G. Scott and appellee Rebecca L. Yates were involved in a head-on automobile collision in Pickaway County on January 30, 1991. Both parties assert that immediately prior to the impact, the other party drove left of the roadway's center line.1

Appellant filed suit on behalf of herself and as the administrator of the estate of her husband, Harold Scott, who died as a result of injuries he received in the crash. Appellant alleged that appellee's negligence caused the accident.

Prior to trial, appellant filed a motion in limine designed to exclude the testimony of the investigating officer, Deputy Alan E. Hawkins, as to the point of impact, and specifically as to who caused the collision. After conducting a voir dire examination of Hawkins, the trial court ruled that Hawkins qualified as an expert witness and could give an opinion on causation. At trial, Hawkins opined that appellant had caused the collision.

The jury found in favor of the appellee and judgment was entered upon the verdict. The appellate court affirmed.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Clark, Perdue, Roberts & Scott Co., L.P.A., and Dale K. Perdue, for appellants.

William J. Christensen, for appellee.

Francis E. Sweeney, Sr., J.   In this case, we are asked to draw a clear distinction between accident investigation, which involves the collection and recording of information, and accident reconstruction, which involves use of scientific methodology to draw inferences from the investigative data. We decline the invitation to offer hard and fast rules pertaining to this issue.  Instead, we confine our discussion to the particular facts at hand.  In so doing, we simply find that the police officer testifying here went beyond his scope of expertise.  Thus, we determine the trial court abused its discretion in permitting Deputy Hawkins to testify as to which party was at fault.  Accordingly, we reverse and remand for a new trial.

The rule governing the admission of expert testimony is former Evid.R. 702.  This rule provided:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." (Emphasis added.)

While this rule permits expert testimony, a threshold determination must first be made under Evid.R. 104(A) concerning the qualifications of the witness to testify.

To qualify as an expert, the witness need not be the best witness on the subject.  Alexander v. Mt. Carmel Med. Ctr. (1978), 56 Ohio St.2d 155, 159, 10 O.O.3d 332, 334, 383 N.E.2d 564, 566.  The expert must demonstrate some knowledge on the particular subject superior to that possessed by an ordinary juror.  State Auto Mut. Ins. Co. v. Chrysler Corp. (1973), 36 Ohio St.2d 151, 160, 65 O.O.2d 374, 379, 304 N.E.2d 891, 897. A ruling concerning the admission of expert testimony is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion.  Alexander, supra, at 157, 10 O.O.3d at 333, 383 N.E.2d at 565.

Appellant has no dispute with Hawkins' qualifications to collect data at the accident scene or his ability to testify as to his observations.  What appellant urges as error, however, is the admission of Hawkins' opinion as to how the accident occurred.  Upon the particular facts in this case, we agree that Hawkins was not qualified to give an opinion on causation.

Here, Deputy Hawkins testified that his highest level of formal education was the twelfth grade.  Some time after high school, he attended the police academy for vocational training.  There, he spent approximately two weeks on accident investigation.

Hawkins testified he was unfamiliar with the theory of conservation of momentum and consequently did not know how it might affect the post-impact course of motor vehicles involved in a crash.  Nor did he know the formula for calculating the speed of motor vehicles, either before or after impact, or what effect speed would have upon the post-impact course of vehicles.

Hawkins testified that there is a difference between investigating an accident, and reconstructing one.  He frankly admitted that he was not an accident reconstructionist; that he

never had the opportunity to work with an accident reconstructionist; and further, that he had never conducted an accident reconstruction.

Thus, based upon these facts, we conclude the trial court abused its discretion. Because Deputy Hawkins did not possess the necessary knowledge or expertise, his opinion that appellant caused the collision was inadmissible. Accordingly, we reverse the judgment of the appellate court, and remand the cause for a new trial.

                              Judgment reversed
                              and cause remanded.

Douglas, Resnick and Pfeifer, JJ., concur.

Moyer, C.J., A.W. Sweeney and Wright, JJ., dissent.

Footnote:

1    Appellee's counterclaim was subsequently dismissed.

Wright, J., dissenting.    I respectfully dissent.  In my view, there is no way to find an abuse of discretion here, as the officer involved was a veteran accident investigator who testified to nothing more than the point of impact of plaintiff's automobile with that of the defendant.

Under former Evid. R. 702, a witness may qualify as an expert and, therefore, testify as to his opinion if the witness has the requisite "knowlege, skill, experience, training, or education."  (Emphasis added.)  The majority opinion in this case relies on Hawkins' lack of formal education and simply ignores his specialized training and experience with regard to locating points of impact.

In this case, Deputy Hawkins' experience and training in locating the point of impact between colliding cars gave him "some superior knowledge not possessed by ordinary jurors." State Auto Mut. Ins. Co. v. Chrysler Corp. (1973), 36 Ohio St.2d 151, 160, 65 O.O.2d 374, 379, 304 N.E.2d 891, 897.  While in the police academy, Hawkins' two-week training involving accident investigation consisted of determining who was at fault in an accident, what caused the accident, and which driver to cite for the accident.  At the time of the accident, Hawkins had been a police officer and had investigated accidents for twelve years.  At the trial, Hawkins testified that he had investigated at least one hundred fifteen accidents per year while working for the Pickaway County Sheriff's Department.  More specifically, Hawkins testified that, while with the sheriff's department, he had received specialized training from two supervisors on "point of impact tracking" and the causes of accidents.  Hawkins explained that he had been trained to determine the point of impact from such evidence as a car's ultimate resting point after an accident, skid marks, marks through grass, location of debris from the cars, vehicle separation, and other physical evidence such as gouges in the road.  In response to a question by the trial judge, Deputy Hawkins expressly stated that his job required him to draw conclusions from accident investigative data concerning "points of impact" about every day.

A trial court does not abuse its discretion unless its decision is "unreasonable, arbitrary or unconscionable." Steiner v. Custer (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855, paragraph two of syllabus; Calderon v. Sharkey (1982), 70 Ohio St.2d 218, 24 O.O.3d 322, 436 N.E.2d 1008;

Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181; Rock v. Cabral (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222. How can anyone seriously suggest that the trial court acted in an arbitrary, unconscionable, or unreasonable fashion in the fact situation posed to it in this case?

Deputy Hawkins testified as to what he observed at the scene. The jury disbelieved the plaintiff and the plaintiff's expert witness and found that plaintiff had crossed the centerline prior to impact and was the architect of her husband's death and her own injuries. We should respect the call made by the trial judge and affirm the well-reasoned opinion of the court of appeals.

Moyer, C.J., and A.W. Sweeney, J., concur in the foreging dissenting opinion.