[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
On March 24, 1997, appellant, Jason B. Mt. Castle, was charged in the Bowling Green Municipal Court with possession of drug paraphernalia, a violation of Bowling Green Ordinance 138.07(C)(1). He entered a not guilty plea to the charge. Following a bench trial, the court found appellant guilty of the offense in a judgment entry filed on May 19, 1998. On June 11, 1997, the trial court filed a judgment entry sentencing appellant for the crime. Appellant filed a notice of appeal from his conviction and sentencing on July 17, 1997. He has presented one assignment of error for our consideration that reads:
"ASSIGNMENT OF ERROR
 THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO PROVE APPELLANT GUILTY BEYOND A REASONABLE DOUBT AND AS SUCH THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY."
We now turn to the arguments presented in support of and in opposition to the assignment of error.
Both parties agree that the only evidence presented against appellant at the bench trial was the testimony of two officers from the Bowling Green Police Department. The first officer testified that he received a report from the dispatcher that someone had called to complain that several underage people with open containers of alcohol had just left an apartment complex driving a black Grand Am, and that the driver of the car was drinking alcohol.
Shortly after he received the information from the dispatcher, he saw the described car pull into the parking lot of a convenience store. He pulled his police cruiser into the same parking lot and called to the driver of the Grand Am, who was out of her car, to "stop for a second." He walked up to the car and "looked inside and observed several open bottles of beer in the car and there were multiple people in the vehicle." He saw appellant, "who was in the [front] passenger seat, place something underneath the passenger seat in the front." Because he saw "several violations" he called for another officer to assist him.
The first officer had no more direct contact with appellant. Instead, he told the second officer who arrived about the "furtive movements" of appellant. He told the second officer "that something was placed under the front seat of the seat and asked him to check on the floor on the passenger side because I could not see if there were any open containers in the motor vehicle."
The second officer testified that he had appellant, who was a front seat passenger, and the individual who was sitting behind appellant in the back seat get out of the car. He then looked underneath the front passenger seat, and found a ceramic pipe on the floor near the front of the seat. He showed the pipe to appellant and asked appellant if it was his. Appellant said yes.
The second officer said he then inspected the ceramic pipe. He testified: "It was a ceramic pipe with a bowl on top and I did smell it and it smelled like burnt marijuana." He was asked: "What about your training or your experience would lead you to believe that it was burnt marijuana?" He answered:
 "While attending the Ohio State Highway Patrol Academy, which Bowling Green sends all their new officers there, we had a staff lieutenant from the Highway Patrol come in and we did do a controlled burn in their garage down there, so we would know what burnt marijuana smelled like."
He testified that he had never before made an arrest for possession of drug paraphernalia. He testified that he did no further testing on the pipe. He said the prosecutor's office had asked him to have testing done on the pipe five days before the case went to trial. He took the pipe to a police laboratory, but the testing was not done by the date of the trial.
The first officer testified that the second officer had shown him the ceramic pipe that was found under the front passenger seat. He said the pipe was a design that in his experience was used for smoking marijuana. He did not smell or inspect the pipe. He admitted on cross-examination that the pipe could be used to smoke tobacco.
When the trial court entered its judgment entry finding appellant guilty, it stated in the entry:
 "ORDERED: Defendant found Guilty. The uncontroverted testimony of the officers established Defendant's possession of Drug paraphernalia beyond a reasonable doubt. The trained officer's assessment of the pipe 
the burnt residue was proof to this ct. BYRD even w/o the pipe."
The ruling of the trial court that the testimony of the officers, without any further evidence, was sufficient to prove appellant guilty of possession of drug paraphernalia beyond a reasonable doubt is the focus of the dispute presented on appeal.
We begin our analysis by noting that the Supreme Court of Ohio recently stated:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * * Black's, supra, at 1594.
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony. * * *" State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
Keeping this standard in mind, we now review the sole assignment of error.
Appellant argues that the ruling of the trial court was erroneous because: "Neither the pipe itself, nor a report as to the chemical nature of the residue, were offered into evidence by the Prosecution. Additionally, the opinion testimony as to the nature of the alleged residue in the pipe came from an inexperienced police officer who had never participated in any other drug paraphernalia arrests, and in fact had only smelled the odor of burnt marijuana on one occasion previously." Appellant argues that the evidence presented by the state was not sufficient to prove beyond a reasonable doubt that appellant was guilty of possession of drug paraphernalia.
Appellee responds that the officers were qualified to form reliable opinions that the ceramic pipe contained burnt marijuana residue. Appellee also argues that appellant is estopped from challenging the qualifications of the officers on appeal, because he did not object to their testimony or challenge their qualifications through cross-examination at trial.
Bowling Green Ordinance 138.07(C)(1) provides:
 "(C)(1) No person shall knowingly use, or possess with purpose to use, drug paraphernalia."
The language in Bowling Green Ordinance 138.07(C)(1) is identical to the language used in R.C. 2925.14(C)(1). Accordingly, cases that analyze the provisions of R.C. 2925.14(C)(1) are persuasive in this case.
The Second District Court of Appeals has carefully analyzed the requirements of R.C. 2925.14(C)(1). See, e.g., Statev. Confer (May 30, 1997) Montgomery App. No. 15888, unreported;State v. Smith (Jan. 7, 1994), Clark App. No. 3013, unreported;State v. Lewis (June 10, 1991), Clark App. No. 2748, unreported. As the Second District Court of Appeals has noted:
 "R.C. 2925.14(C)(1) imposes a dual requirement of proof on the State. First, it must prove that the defendant knowingly possessed drug paraphernalia, that is, that the article was drug paraphernalia and that the defendant who possessed it knew it to be that. Second, the state must prove that the defendant intended to use the paraphernalia to ingest illegal drugs. One may possess the paraphernalia independent of a purpose to use it, but one cannot rationally intend to use it without also possessing it." State v. Smith (Jan. 7, 1994), Clark App. No. 3013, unreported.
We find that Bowling Green Ordinance 138.07(C)(1) also has a two-part requirement for proof; that the person knowingly possessed drug paraphernalia and that the person intended to use the paraphernalia to ingest illegal drugs. For the reasons that follow, we find that neither requirement was proved by the state in this case.
The ruling of the trial court shows that the trial court considered the officers in this case as expert witnesses who were qualified to give an opinion that the ceramic pipe appellant acknowledged owning was drug paraphernalia. The Supreme Court of Ohio has stated:
 "To qualify as an expert, the witness need not be the best witness on the subject. * * * The expert must demonstrate some knowledge on the particular subject superior to that possessed by an ordinary juror. * * * A ruling concerning the admission of expert testimony is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion." Scott v. Yates (1994), 71 Ohio St.3d 219, 221. (Citations omitted).
In this case, we agree with appellant that the trial court abused its discretion when it based its finding that appellant was guilty beyond a reasonable doubt of possession of drug paraphernalia upon the opinion testimony of the police officers in this case.
The first officer conceded that the ceramic pipe, while of a design generally used for ingestion of illegal drugs, could be used to smoke tobacco. He testified that he never smelled or inspected the ceramic pipe; therefore, his testimony was insufficient to show that he could form an expert opinion that the ceramic pipe in question was actually drug paraphernalia.
The second officer testified that he smelled the ceramic pipe, and that it "smelled like burnt marijuana." His statement in itself, is insufficient to show that there was any residue of marijuana in the pipe. Furthermore, his experience and background only included one time when he smelled burning marijuana; that one time was a controlled burn conducted during his academy training. He had never made any other arrests of individuals for a drug paraphernalia crime. His testimony was insufficient to show that he could form an expert opinion that the ceramic pipe in question was actually drug paraphernalia, or that it possessed residue of the illegal drug, marijuana.
Even if this court were to accept, arguendo, that appellee did present proof beyond a reasonable doubt that appellant knowingly possessed drug paraphernalia in this case, appellant's conviction must still be reversed. Under the facts in this case, appellee presented no evidence to prove beyond a reasonable doubt the second requirement for a conviction of a violation of Bowling Green Ordinance 138.07(C)(1): that appellant had the specific intent to use the drug paraphernalia for the ingestion of an illegal drug. Like the facts in State v. Smith
(Jan. 7, 1994), Clark App. No. 3013, unreported, the police officers who arrested appellant in this case did not see appellant engaged in any drug transaction. The officers did not see appellant use the ceramic pipe in any manner. They did not find any marijuana on appellant's person or in close proximity to him. No marijuana was found in the pipe, and no testing was done on the pipe to show that it contained residue of marijuana or any other controlled substance. Therefore, no evidence was presented in this case that proved beyond a reasonable doubt that appellant knowingly used the pipe to ingest illegal drugs or that he possessed the pipe with the specific intent to use it to ingest illegal drugs. Appellant's conviction is against the manifest weight of the evidence and his sole assignment of error is well-taken.
The judgment of the Bowling Green Municipal Court is reversed. Pursuant to App.R. 12(B), we order appellant's conviction vacated and we order him discharged. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _________________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.