JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Johnny Langford (hereinafter "appellant"), appeals from the entry of a directed verdict by the trial court immediately prior to the commencement of trial.
The appellant filed the instant action in the Cuyahoga County Court of Common Pleas on September 3, 1997. The complaint alleged that the defendant-appellee, Michael Dean (hereinafter "appellee"), on or about April 4, 1996, negligently operated his vehicle in such a manner as to cause it to collide with the rear of the appellant's vehicle.
Subsequent to the date of the accident in question, on April 8, 1996, the appellant paid a visit to his family doctor, Dr. Ann Reichsman, after experiencing what he described as pain in the neck and shoulder area. Dr. Reichsman initially prescribed for the appellant an anti-inflammatory medication and told him to call the office for a prescription for a muscle relaxant. On April 18, 1998, the appellant called Dr. Reichsman's office and indicated to her staff that he was interested in physical therapy. Dr. Reichsman then referred the appellant to "Sports Medicine Associates" for physical therapy as the appellant had requested. The appellant visited Sports Medicine Associates on approximately ten occasions between April 26, 1996 and June 4, 1996. The appellant's visits to Sports Medicine Associates, other than his initial consultation, each consisted of moist heat/cold pack applications, therapeutic exercises and "neuromuscular reeducation."
In a case management conference journal entry, which was journalized on February 13, 1998, the trial court set a trial date of June 10, 1998. On May 18, 1998, the trial deposition of Dr. Reichsman was taken at her medical office. On June 1, 1998, the appellant's trial attorney caused to be filed a copy of the transcript of the deposition of Dr. Reichsman and simultaneously notified the court that he intended to use such deposition testimony in his case-in-chief at trial.
On June 9, 1998, the appellee field a "Motion of Defendant for Dismissal or in the Alternative, Directed Verdict and Motion in Limine." In this motion the appellee argued that Dr. Reichsman's testimony was inadequate as a matter of law to establish proximate cause because she had never opined as to a causal connection between the accident and the appellant's injuries or to the reasonableness or necessity of the treatment and medical bills.
The appellee also contended in the motion that the appellant had failed to elicit sufficient testimony to properly qualify Dr. Reichsman as an expert witness on the day of trial. The trial court considered the appellee's motion prior to the commencement of jury selection or opening statements. After first indicating that it was going to grant the appellee's motion insofar as it related to the purported failure of appellant's counsel to qualify Dr. Reichsman as an expert, the trial court then indicated to appellant's counsel that the motion of defendant for dismissal or directed verdict would be granted "in light of the fact that you don't have an expert witness."
On June 25, 1998, the following entry by the trial court was journalized, "Defendant's motion for directed verdict is granted. Final."
The appellant timely filed the within appeal on July 9, 1998. The appellant's brief contains three assignments of error: In the interest of clarity this court will first address the appellant's second and third assignments of error, which are interrelated and have a common basis in law and fact. The second and third assignments of error state:
 B. THE TRIAL COURT ERRED IN GRANTING APPELLEE MICHAEL DEAN'S MOTION IN LIMINE (SIC) SO AS TO BAR APPELLANT'S PHYSICIAN FROM TESTIFYING THAT HE SUFFERED VARIOUS INJURIES AS RESULT OF THE APRIL 4, 1996 AUTOMOBILE ACCIDENT.
 C. THE TRIAL COURT ERRED IN GRANTING APPELLEE MICHAEL DEAN'S MOTION IN LIMINE (SIC) SO AS TO BAR APPELLANT FROM INTRODUCING EVIDENCE OF APPELLANT'S TREATMENT AND MEDICAL EXPENSES.
The motion in limine filed by the appellee dealt with the failure of the appellant's counsel to elicit testimony from Dr. Reichsman sufficient to establish her as an expert, qualified to give expert testimony, in the area of soft tissue injury. At the trial deposition of Dr. Reichsman, the following exchange took place:
Q: And, Dr. Reichsman, what is your profession?
A: I'm a family doctor.
Q: And you specialize in family medicine?
A: That's correct.
Q: Where do you practice?
A: At Neighborhood Family Practice.
Q: And that's in Cleveland, Ohio?
A: Yes.
Q: Do you have a patient by the name of Johnny Langford?
A: Yes, I do.
Thus, the issue that this court must determine is whether the above referenced colloquy between the appellant's attorney and Dr. Reichsman was sufficient to establish her credentials as an expert. To answer this question we must first look to Evid.R. 104. Before expert testimony is permitted under the Rules of Evidence, a threshold determination must first be made under Evid.R. 104 (A) concerning the qualifications of the witness to testify. Scott v. Yates (1994), 71 Ohio St.3d 219, State v. Clark
(1995) 101 Ohio App.3d 389. Evid.R. 104 (A) states in pertinent part:
 [p]reliminary questions concerning the qualifications of a person to be a witness *** shall be determined by the court * * * In making its determination it is not bound by the rules of evidence except those with respect to privileges.
Evid.R. 702 provides that a witness may testify as an expert if the following three conditions are met: (1) he or she is qualified as an expert based on specialized knowledge, skill, experience, training or education regarding the testimony; (2) the testimony relates to matters beyond the knowledge of lay persons; and (3) the testimony is based upon reliable scientific, technical or other specialized information.
We review the trial court's determination that Dr. Reichsman was not sufficiently qualified as an expert pursuant to an abuse of discretion standard of review. State v. Maupin (1975), 42 Ohio St.2d 473;State v. Minor (1987), 47 Ohio App.3d 22; McConnell v.Budget Inns of America (Aug. 20, 1998), Cuyahoga App. No. 72755, unreported. An abuse of discretion connotes more than an error of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, citing State v. Adams (1980), 62 Ohio St.2d 151,157.
In the instant case we cannot say that the trial court's decision not to permit Dr. Reichsman to testify as an expert was an abuse of discretion. Although Dr. Reichsman testified that she was a family practitioner, she did not testify that she had any expertise in the area of musculoskeletal pain and/or soft tissue injury. There is no presumption that a family practitioner is an expert in the field of musculoskelatal injuries. Dr. Reichsman also did not testify as to whether she was licensed in the state of Ohio, her educational background, her clinical or practical experience, or her board certification. Given the nature of the appellant's injury, and the testimony of Dr. Reichsman elicited at her deposition, it was admittedly a close question as to whether she possessed sufficient qualifications, evidenced in the record, to testify as an expert in this case. Yet, the decision of the trial court was not clearly unreasonable given the failure of the appellee's attorney to attempt to more fully qualify Dr. Reichsman as an expert.
Therefore, the decision of the trial court to limit the testimony of Dr. Reichsman to that of a fact witness only, was not an abuse of discretion.
Without an expert to testify as to the reasonableness and the necessity of the physical therapy, as well the causal connection between the injuries and the automobile accident in question, there was no way that the appellant would have been able to meet his burden of establishing a direct and proximate causal relationship between the claimed soft tissue injuries and the motor vehicle accident in question. In Darnell v. Eastman (1970),23 Ohio St.2d 13, 17, the Ohio Supreme Court held that:
 Except as to matters of cause of effect which are so apparent as to be matter of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. *** In the absence of such medical opinion, it is error to refuse to withdraw the issue from the consideration of the jury.
This court has held on prior occasions that the causal connection between soft tissue injuries incurred in motor vehicle accidents and alleged subsequent physical disability is not so apparent as to be a matter of common knowledge, where the alleged injuries involved strains to the neck and back area. Hodge v. King (July 16, 1997), Cuyahoga App. No. 72823, unreported; Davis v. DT Limousine Service, Inc. (June 1, 1994), Cuyahoga App. Nos. 65683, 66027. In Davis, supra, the court made a distinction between a shoulder injury arising out of a motor vehicle accident and "acute myofascitial strain to the neck and acute lumbrosacral strain." The court reasoned that while the injury to the shoulder area purportedly arising out of the accident was a matter of common knowledge, the strains to the neck and back area were not.
It is important to note in this respect that shortly prior to the accident in the instant case, the appellant had been receiving medical attention for a shoulder injury that he had sustained earlier in the year. In Dr. Reichsman's deposition she testified that some of the injuries of which the appellant complained, and which were noted in the notes of the physical therapists providing treatment for the appellant, were not caused by this accident, but in fact were pre-existing.
The appellant's complaint states that as a result of the accident, the appellant suffered "injuries to his neck and shoulders and experienced painful headaches." In her deposition, Dr. Reichsman testified that a number of years prior to this accident the appellant had a surgery on his left shoulder which was not successful and that the appellant had been told that the attempted repair had failed, but nonetheless had ignored advice to have the surgery done again.
Dr. Reichsman's actual diagnosis in this case was "muscle spasm of [the] cervical muscles and of the upper trapezius." Dr. Reichsman also specifically testified that she did not diagnose any shoulder injury arising out of this accident:
 Q: I take it Dr. Reichsman, you are not diagnosing left shoulder or right shoulder acromioclavicular problems as a result of this accident, correct?
A: That's correct.
 Q: So despite Mr. Langford's statement that he had some burning between the shoulder blades, you would tell this jury that was more upper back area?
A: That's correct.
In addition, Dr. Reichsman testified that she was not aware of any of the particulars of the appellant's accident other than the fact that he had been rear ended.
Given all of the foregoing facts surrounding this case, including the appellant's pre-existing injury and his doctor's statement that the injuries sustained by the appellant in this accident did not involve the shoulder area, the trial court was correct in ruling that the injuries sustained by the appellant were beyond the scope of common knowledge and needed to be established via expert testimony.
Accordingly, the trial court did not err in either prohibiting the appellant's family physician from testifying as an expert witness, or by refusing to allow evidence of the appellant's treatment and medical expenses to be introduced without corroborating expert testimony on the issues of proximate cause and reasonableness. The appellant's second and third assignments of errors are hereby overruled.
The appellant's first assignment of error states:
 A. THE TRIAL COURT ERRED IN GRANTING APPELLEE MICHAEL DEAN'S MOTION FOR DISMISSAL OR, IN THE ALTERNATIVE, MOTION FOR DIRECTED VERDICT.
Civ.R. 50 (A) (1) states:
 A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all evidence.
In this case, the trial court granted the appellee's motion for a directed verdict prior to the commencement of voir dire. Although the trial court was technically incorrect in the timing of its ruling on the appellee's motion, this court has previously held that such a premature ruling on a motion for a directed verdict is harmless error where it is clear that a plaintiff will be unable to establish one or more of the necessary elements for recovery. King James South Danford Square Condominium UnitOwner's Assoc. v. Pacer's Const. Corp. (1993), Cuyahoga App. No. 64213, unreported. In the case sub judice, it was apparent at the time the motion was granted that the appellant would be unable to establish any proximate cause between the injuries to his neck and back and the subsequent medical treatment he received. The appellant's attorney admitted on the record that without Dr. Reichsman's testimony, he would not be able to provide expert testimony on the issue of proximate cause. Thus, once the trial court ruled that the appellant had failed to qualify Dr. Reichsman as an expert, it became apparent both that the appellant would be unable to establish the necessary elements of his negligence claim so as to allow him to prevail at trial and that the appellee was entitled to have his motion for directed verdict granted. The trial court's premature granting of the motion for directed verdict constituted harmless error.
The appellant's first assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, P.J., and SWEENEY, JAMES D., J., CONCUR.
 ___________________________________ MICHAEL J. CORRIGAN JUDGE