OPINION
Defendant Lancaster Glass appeals of the Court of Common Pleas of Fairfield County, Ohio, entered on a jury verdict finding plaintiff Henrietta Waldie is eligible to participate in the benefits of the Workers' Compensation Act because she suffers from an occupational disease. Appellants assign seven errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN DENYING THE MOTION IN LIMINE MADE BY LANCASTER GLASS TO EXCLUDE THE TESTIMONY OF JEFFREY AYER, D.O. AND SIMILAR "EXPERT" EVIDENCE ON THE GROUNDS THAT SAID EVIDENCE DID NOT COMPLY WITH RULE 702 OF THE OHIO RULES OF EVIDENCE.
 II. THE TRIAL COURT ERRED IN DENYING THE TRIAL MOTION OF LANCASTER GLASS TO STRIKE FROM THE RECORD THE TESTIMONY OF JEFFREY AYERS. D.O. ON THE GROUNDS THAT SAID EVIDENCE DID NOT COMPLY WITH RULE 702 OF THE OHIO RULES OF EVIDENCE.
 III. THE TRIAL COURT ERRED IN DENYING THE OBJECTIONS MADE BY LANCASTER GLASS TO THE EXPERT TESTIMONIAL EVIDENCE GIVEN BY CHARLES LOWERY, M.D. ON THE GROUNDS THAT SAID EVIDENCE DID NOT COMPLY WITH RULE 702 OF THE OHIO RULES OF EVIDENCE.
 IV. THE TRIAL COURT ERRED BY OVERRULING THE MOTION FOR A DIRECTED VERDICT MADE BY LANCASTER GLASS AT THE CLOSE OF PLAINTIFF'S EVIDENCE ON THE GROUNDS THAT PLAINTIFF-APPELLEE FAILED TO DEMONSTRATE A CASUAL RELATIONSHIP BETWEEN PLAINTIFF'S HERNIATED OR PROTRUDING C6-C7 VERTEBRAL DISC AND WORK RELATED ACTIVITIES AS REQUIRED IN ORDER TO PROVE THAT PLAINTIFF SUFFERED AN OCCUPATIONAL DISEASE.
 V. THE TRIAL COURT ERRED BY OVERRULING THE MOTION FOR A DIRECTED VERDICT MADE BY LANCASTER GLASS AT THE CLOSE OF ALL EVIDENCE ON THE GROUNDS THAT PLAINTIFF-APPELLEE FAILED TO ESTABLISH AND PROVE ALL THE ELEMENTS OF AN OCCUPATIONAL DISEASE BY LEGALLY SUFFICIENT AND APPROPRIATE EVIDENCE AND TESTIMONY.
 VI. THE TRIAL COURT ERRED BY OVERRULING THE MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT MADE BY LANCASTER GLASS AT THE CLOSE OF THE TRIAL ON THE GROUNDS THAT PLAINTIFF-APPELLEE FAILED TO ESTABLISH AND PROVE ALL THE ELEMENTS OF OCCUPATIONAL DISEASE BY LEGALLY SUFFICIENT AND RELIABLE EVIDENCE.
 VII. THE TRIAL COURT ERRED BY NOT ALLOWING LANCASTER COLONY ON DIRECT TESTIMONY OF ITS MEDICAL EXPERT TO TESTIFY THAT MERELY BEING A DOCTOR DID NOT QUALIFY A PHYSICIAN TO MAKE A DETERMINATION OF AND GIVE A LEGALLY SUPPORTED OPINION UNDER RULE 702 OF THE OHIO RULES OF EVIDENCE REGARDING THE CAUSATION OF AN OCCUPATIONAL DISEASE.
The record indicates appellant Lancaster Glass employed the appellee at its plant in Lancaster, Fairfield County, Ohio, since July of 1966. Appellee alleged in 1993, she developed an occupational disease, specifically, a herniated disk located between the sixth and seventh cervical vertebrae at the base of her neck. Appellee alleged her herniated disk was an occupational disease because it was caused by repetitive movement of her neck as she performed her job duties as a glass worker and sprayer. Lancaster Glass concedes appellee suffers from a herniated disk, but disputes that her employment caused the condition. At trial, appellee presented the evidence of Dr. Jeffrey Ayers, her family physician, and Dr. Charles Lowery, her treating orthopedic surgeon. Lancaster Glass strongly challenged the testimony of the two doctors, arguing their evidence was inadmissible. Lancaster Glass presented the testimony of Dr. John Starr, who testified he did extensive research, and found there was no medical research, tests, data, or scientific proof of any kind found anywhere in the world which would serve as legally sufficient foundation for a medical expert to opine that repetitive movements of a person's neck can cause a herniated disk at C6-7. Dr. Starr testified all the scientific and medical research on herniated and cervical disks indicates a herniated cervical vertebra disk is most likely caused by the natural aging process, or by a person's genetic makeup. All Lancaster Glass' assignments of error relate to the same issue, the admissibility of the expert testimony given by Dr. Ayer and Dr. Lowery. Accordingly, for purposes of clarity, we will address all of the assignments of error together. Evid. R 702 provides a witness may testify as an expert if all the following:
 (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information . . .
Lancaster Glass concedes Subsection (A) of the Rule is met, because the issue of whether appellee's repetitive movements caused her herniated disk is a matter beyond the knowledge or experience possessed by lay persons. Lancaster Glass urges, however, that Subsection (B) and Subsection (C) were not met in this case. Lancaster Glass concedes the trial court makes the threshold determination a witness is qualified to be an expert witness, Scott v. Yates (1994), 71 Ohio St.3d 219. Our standard of reviewing a court's ruling on an expert's qualification is the abuse of discretion standard, Id. The Supreme Court has repeatedly defined the abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see State v. Adams (1980), 62 Ohio St.2d 151 at 157. The Scott court noted in order to qualify as an expert, the witness need not be the best witness on the subject, Scott at 221, citing Alexander v. Mt. Carmel Medical Center (1978), 56 Ohio St.2d 155 at 159. The expert must only demonstrate some knowledge on a particular subject which is superior to that an ordinary juror possesses, Id., citing State Farm Mutual Insurance Company v. Chrysler Corporation (1973),36 Ohio St.2d 151 at 160. Lancaster Glass attempted to challenge the trial court's finding Dr. Ayers and Dr. Lowery are qualified as expert witnesses by attempting to present evidence from its expert, Dr. Starr, that merely attending medical school does not qualify a doctor to make a determination on the causation of an occupational disease. The trial court ruled this question was inappropriate, and we agree it is a question properly for the trial court and not the jury. The record demonstrates Dr. Ayers and Dr. Lowery testified they were experienced in treating injured industrial workers. Dr. Lowery testified his opinion was based upon the history given him by the appellee as well as his own observation of the job requirements made on a visit to the Lancaster Glass Factory. Dr. Lowery examined the appellee and reviewed MRI films taken of her neck. Dr. Ayers explained the basis of his opinion by describing the activities appellee would perform and how those activities would put pressure on her cervical vertebrae. We find the trial court did not abuse its discretion in finding Drs. Lowery and Ayers were qualified to testify as experts. Clearly, both doctors meet the Scott test of demonstrating they possessed knowledge on a particular subject which is superior to that possessed by an ordinary jury. When the trial court qualifies an expert witness, the issue shifts to the jury for its unique deliberation of weight and credibility of the evidence. Basically, this trial was a battle between Drs. Lowery and Ayers and on one side and Dr. Starr on the other. Lancaster Glass also urges neither Dr. Lowery's nor Dr. Ayer's testimony was based on reliable scientific, technical, or specialized information as required by Subsection (C) of the Rule. In Miller v. Bike Athletic Company (1998), 80 Ohio St.3d 607, the Ohio Supreme Court reviewed a situation where a trial court excluded the expert witnesses' testimony because, inter alia, the theory the expert presented had not gained any acceptance in the scientific community and had not been subjected to peer review. The Supreme Court expressly stated "we flatly reject these arguments", Miller at 612. The Supreme Court found even if the expert's opinion had neither gained acceptance by the scientific community nor been the subject of peer review, this did not preclude its admissibility. The issue, the Miller court found, was one of credibility. The Supreme Court in Miller quoted Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993), 509 U.S. 579 wherein the United States Supreme Court stated ". . . publication (which is but one element of peer review) is not a sine qua non of admissibility; it does not necessarily correlate with reliability. . . ." Miller at 613, citing Daubert at 593. In order to be admissible the expert testimony must assist the trier of fact in determining a fact or understanding the evidence, see State v. Boston (1989), 46 Ohio St.3d 108. Our review of the record leads us to conclude in this battle of experts, each doctor presented his qualifications, the basis of his opinion, and his familiarity with the circumstances. It remained for the jury to determine whether appellee had proven the repetitive movements her job required her to make proximately caused the injury of which she complained. We find no error in the trial court's submitting the matter to the jury. We find the trial court properly admitted the evidence of Dr. Ayer, and thus did not err in overruling the motion in limine to exclude that evidence and in overruling the motion to strike the evidence. The first and second assignments of error are overruled.
We further find the trial court did not err in overruling Lancaster Glass' objections to Dr. Lowery's testimony. The third assignment of error is overruled.
Additionally, we find the trial court did not err in overruling the motion for directed verdict, made by Lancaster Glass on the grounds appellee had failed to prove her case. A motion for directed verdict presents a question of law, not a question of fact, Ruta v. Breckenridge-Remy Company (1982), 69 Ohio St.2d 66. A motion for directed verdict calls upon the court to determine whether there exists any evidence of substantial probative value in support of the claims of the party against whom the motion is made, Wagner v. Rosche Laboratories (1996), 77 Ohio St.3d 116. The fourth and fifth assignments of error are overruled.
We find the trial court did not err in overruling the motion for judgment not withstanding the verdict, made by Lancaster Glass on the ground appellee had failed to prove all the elements of her case. In considering a motion for judgment not withstanding the verdict, the court does not weigh the evidence or test the credibility of witnesses, Osler v. City of Loraine (1986),28 Ohio St.3d 345. The test on a motion for judgment notwithstanding the verdict is the same test applied when the court rules on the motion for directed verdict, Ayers v. Woodard (1957),166 Ohio St. 138. The sixth assignment of error is overruled.
Finally, as we noted supra, the issue of whether a person is qualified as an expert witness is a question for the court, and for this reason, the trial court did not err in excluding Dr. Starr's testimony that merely being a doctor does not qualify a physician to testify regarding occupational diseases. The seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.