[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant Dwayne M. Walker appeals from the judgment of the Hamilton County Court of Common Pleas in which he was found guilty of rape following a bench trial. Walker asserts a single assignment of error in support of this timely appeal. He urges that the lower court abused its discretion by admitting the testimony of a sexual-assault nurse examiner concerning the demeanor of the alleged victim and the results of a physical examination of the victim. Walker claims that the nurse's testimony failed to satisfy the requirements of Evid.R. 702.
Evid.R. 702 states in part:
 A witness may testify as an expert if all of the following apply:
 (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; [and]
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information[.]
The qualification of an expert is a matter for determination by the court on the facts, and rulings with respect to such matters will ordinarily not be reversed unless there is a clear showing that the court abused its discretion.[1] To qualify as an expert, a witness must "demonstrate some knowledge of the particular subject superior to that possessed by an ordinary juror."[2]
Walker was accused of raping his estranged wife, Natasha Noble. Noble went to University Hospital in Cincinnati following the incident, where she was questioned about the occurrence and given a physical examination. One of the persons who conducted the examination was Mary Jo Lattarullo.
Lattarulo testified at trial that she held a bachelor's degree in the science of nursing and had been employed as a nurse for sixteen years. She was certified as a trauma care nurse. Lattarulo also testified that she had received forty hours of classroom training and thirty-two hours of clinical training in the field of sexual assaults. Further, Lattarulo had been practicing as a sexual-assault examiner for one and one-half years.
The trial court held that Lattarulo qualified as an expert witness and permitted her to testify that Noble's demeanor at the hospital was consistent with that of a victim of sexual assault and that the results of the physical examination were consistent with forced intercourse as opposed to consensual intercourse. Walker concedes that Lattarulo's testimony concerned matters beyond the knowledge or experience of a lay person.
Walker contends, however, that Lattarulo lacked specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony because she had amassed only seventy-two hours of sexual assault training. However, Lattarulo's background included eighteen months of practice examining victims of sexual assault. It was within the trial court's discretion to determine that Lattarulo's education and experience qualified her to render an expert opinion on whether the victim's demeanor was consistent with a person who has been sexually assaulted and whether the physical findings on examination were consistent with forced intercourse rather than consensual intercourse.
Walker next contends that Lattarulo's testimony was not based upon reliable scientific, technical or other specialized information. The evidence shows that Lattarulo was specially trained as a sexual-assault nurse examiner, and she testified about the results of her own personal observation of the victim, her interview of the victim, and the physical examination that was performed. We hold that Lattarulo's testimony was based on reliable specialized information and that the trial court did not abuse its discretion in allowing the testimony.
Walker also argues that Lattarulo's testimony was beyond the scope of her knowledge since she had no training in psychology and that her opinion was a "forensic opinion properly left to a medical physician." Lattarulo's testimony did not focus on the psychological impact on the victim; rather, her testimony focused on the interpretation of the victim's emotional affect as it related to sexual assault and on the results of the physical examintion. She testified only that the victim's behavior and physical condition were consistent with Noble's claim that she had been sexually assaulted. Lattarulo's testimony did not go beyond her area of expertise. As for Walker's argument that Lattarulo's opinion was an improper "forensic" opinion,[3] we can only conclude that Walker is arguing that a physician, rather than a nurse, should have rendered the opinion. However, nothing in the rules of evidence or in the common law requires that any opinion with a medical basis be made by a physician. In cases such as the one here, a nurse with special training may properly offer an opinion related to her area of expertise.
Finally, Walker contends that Lattarulo impermissibly testified to the ultimate issue in the case: Whether Walker forced Noble to have sex with him. However, "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."[4]
We hold that the trial court did not abuse its discretion in qualifying Lattarulo as an expert witness and admitting her testimony at trial. Accordingly, the sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 DOAN and PAINTER, JJ.
[1] See Akron v. Pub. Util. Comm. (1966), 5 Ohio St.2d 237,215 N.E.2d 366; State v. Maupin (1975), 42 Ohio St.2d 473,330 N.E.2d 708; Alexander v. Mt. Carmel Med. Ctr. (1978), 56 Ohio St.2d 155,157, 383 N.E.2d 564, 565.
[2] Scott v. Yates (1994), 71 Ohio St.3d 219, 221, 643 N.E.2d 105
(citing State Auto Mut. Ins. Co. v. Chrysler Corp. [1973],36 Ohio St.2d 151, 160, 304 N.E.2d 891, 897).
[3] Black's Law Dictionary (7 Ed.Rev. 1999) 660 defines "forensic" as "used in or suitable to courts of law or public debate" and defines "forensic evidence" as "evidence used in court; esp., evidence arrived at by scientific means, such as ballastic or medical evidence." Id. at 578.
[4] Evid.R. 704.