JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Tobias Reid, pro se, appeals his convictions for failing to keep an assured clear distance and failing to stop after an accident in violation of the codified ordinances of plaintiff-appellee, the city of Cleveland Heights. For the reasons that follow, we affirm.
 {¶ 2} Appellant was cited by the Cleveland Heights police for failing to keep an assured clear distance and failing to stop after an accident. Appellant pled not guilty to the charges, and after a hearing on the matter, a magistrate found him guilty of both offenses. Appellant filed an objection to the magistrate's decision. The judge overruled the objections and adopted the magistrate's decision. Appellant now appeals.
 {¶ 3} At the hearing before the magistrate, Laura McLellan testified that appellant struck her vehicle from behind while she was stopped at a traffic light within the city of Cleveland Heights. She testified that her vehicle was completely stationary at the time it was struck and that the roadway was flat. After the accident, McLellan and appellant had a brief encounter outside their vehicles, during which McLellan stated that she was going to call the police. McLellan testified that she then went to her vehicle to get her cellular phone, and as she was on the phone with the 911 dispatcher, she observed appellant get back into his vehicle and speed away. Appellant had not provided his name or address to McLellan prior to speeding away, and the only comment he made to her during their encounter was "I guess I messed up."
 {¶ 4} The Cleveland Heights police apprehended appellant a short distance from the scene of the accident. When the investigating officer approached appellant, he acknowledged that he had been in an accident and that he did not exchange any information with the other party prior to leaving the scene. Appellant told the officer that it was rush hour and they should "just chalk it up to that." Appellant further told the officer that he left the scene because he did not see any damage to McLellan's vehicle and did not see the need to wait for the police. After making those initial statements, appellant then told the officer that the accident was not his fault. In particular, appellant said that McLellan backed up and rolled into his vehicle.
 {¶ 5} The investigating officer testified that he observed a two to three-inch in length, and a two-inch in width, dent in McLellan's truck where a bike rack mounted on her vehicle had been struck. He did not observe any damage to appellant's vehicle. The investigating officer also testified that, based upon his years of experience in investigating traffic accidents, if the accident had occurred the way appellant claimed, McLellan would have had to have placed her vehicle in reverse and backed into appellant's vehicle at a speed of approximately fifteen to twenty miles per hour. Thus, he testified that "there was no doubt in [his] mind that [appellant] had rear-ended her." After citing appellant for failing to keep an assured clear distance, the investigating officer also cited appellant for failing to stop after an accident.
 {¶ 6} Appellant testified on his own behalf. According to appellant, when the traffic light at which he and McLellan were stopped turned green, the following occurred:
 {¶ 7} "* * * McLellan's car sounded like she was trying to shift it into gear. At that time, the car moved back and made contact with my vehicle. We both got out, we looked at — we both got out of the vehicles and we both determined that there wasn't any damage. I got back in my vehicle and I proceeded around and that's when I was pulled over * * *." Appellant denied that McLellan told him she was going to call the police.
 {¶ 8} Appellant offered, and the trial court admitted into evidence, the police report and photographs taken by appellant the day after the accident, purporting to depict the scene of the accident, his truck, and the "incline" of the street on which the accident occurred. Appellant also offered his license plate to show its lack of damage.[1]
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred in its ruling that his photographs were not "competent evidence." To the extent that appellant argues the admissibility of the photographs, a review of the record demonstrates that the magistrate did enter appellant's photographs into evidence and considered them prior to rendering her ruling. To the extent that appellant argues that the magistrate did not give proper weight to the photographs, it is well established that the weight to be given evidence is primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 10} Here, the magistrate reviewed the photographs and determined that they did not depict what appellant claimed was an incline in the roadway, nor did they identify the front of appellant's vehicle where he alleged the impact occurred. Upon review, we cannot find that the magistrate abused her discretion by assigning little or no weight to appellant's photographs. Indeed, independent review indicates that the photographs do not depict an incline in the roadway nor the front of appellant's vehicle.
 {¶ 11} Accordingly, appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, appellant contends that the trial court erred in accepting the investigating officer's testimony.
 {¶ 13} The city argues that appellant has waived review of this issue by failing to object to the officer's testimony at the hearing before the magistrate. While there was no objection to the officer's testimony at the hearing, appellant timely filed objections to the magistrate's decision, wherein he objected to the officer's testimony. Crim.R. 19(E)(2)(B) provides that "[a] party shall not assign as error on appeal the court's adoption of the decision of the magistrate unless the party has timely objected to the magistrate's decision." As appellant did timely object to the magistrate's decision, he has preserved this issue for our review.
 {¶ 14} In this assignment of error, appellant argues that "[t]he Officer's testimony can only be viewed as hearsay, as he was not present at the time the incident occurred." Appellant further argues the officer's testimony was inadmissible opinion testimony. In support of his arguments, appellant cites the testimony of the officer relative to his observation of the amount of damage to the vehicles and the officer's failure to photograph the scene of the accident. That testimony, however, goes to the weight, and not the admissibility, of his testimony. Upon review, we do not find that appellant's conviction is against the manifest weight of the evidence when we consider it in light of that testimony.
 {¶ 15} However, we do agree with appellant relative to the officer's testimony about appellant's version of how the accident occurred.
 {¶ 16} Evid.R. 702 states:
 {¶ 17} A witness may testify as an expert if all of the following apply:
 {¶ 18} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 19} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 20} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *."
 {¶ 21} Thus, pursuant to this rule, a witness may testify as an expert if the following three conditions are met: 1) he or she is qualified as an expert by virtue of specialized knowledge, skill, experience, training or education regarding the subject matter of the testimony; 2) the testimony relates to matters beyond the knowledge or experience of lay persons or dispels a common misconception among lay persons; and 3) the testimony is based upon reliable scientific, technical or other specialized information. Nichols v. Hanzel (1996), 110 Ohio App.3d 591,597, 674 N.E.2d 1237.
 {¶ 22} Pursuant to Evid.R. 104(A), the trial court must make a threshold determination regarding the qualifications of the witness to testify as an expert witness before it permits expert testimony. Scott v. Yates (1994), 71 Ohio St.3d 219, 221,643 N.E.2d 105. The decision regarding the admissibility of expert opinions rests within the sound discretion of the trial judge and will not be reversed on appeal unless there is a clear showing that the trial court abused its discretion. Id.
 {¶ 23} Here, the investigating officer testified as follows relative to appellant's allegation that McLellan's vehicle rolled into his vehicle: "And the amount of damage on the car, the impact would have had to have happened between 15 and 20 miles an hour, a considerable impact, and [appellant] never mentioned that. He never saw backup lights. And based on my years of experience, investigating accidents, she would have had to have had the car in reverse and accelerated backing up into his truck.
 {¶ 24} "So based upon [appellant's] statements and what she told me, the damage on the car, there was no doubt in my mind that [appellant] had rear-ended her."
 {¶ 25} Upon review, we find that the above-quoted testimony was inadmissible because the officer was not qualified to give an opinion as an accident reconstruction expert, which is essentially what he did. Although the officer testified that he had nine years of experience with the Cleveland Heights Police Department, there was no evidence presented to establish that he had any training or experience in accident reconstruction. Accordingly, the trial court abused its discretion in admitting that testimony. See, e.g., Scott v. Yates (1994),71 Ohio St.3d 219, 643 N.E.2d 105; Hoso v. Henninger (Sept. 12, 1990), Mahoning App. No. 89 C.A. 149.
 {¶ 26} Error in the admission of evidence is not grounds for reversal, however, unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 164,407 N.E.2d 490. In determining whether a substantial right of a party has been affected, a reviewing court must decide whether the trier of fact would have probably reached the same conclusion had the error not occurred. Id. at 164-165, citing Hallworth v.Republic Steel Corp. (1950), 153 Ohio St. 349, 91 N.E.2d 690;Kish v. Withers (1997), 123 Ohio App.3d 132, 137,703 N.E.2d 825.
 {¶ 27} Here, even without the officer's testimony reconstructing the accident scene, there was substantial, competent, credible evidence from which the trier of fact could have concluded that appellant caused the accident. McLellan testified that appellant struck her from behind while she was stopped at a traffic light. She further testified that during her brief encounter with appellant he stated that "I guess I messed up." The officer testified as to the damage to McLellan's vehicle and the lack of damage to appellant's vehicle. Further, in reviewing the evidence, the magistrate noted that appellant's photographs did not depict damage to his vehicle nor an "incline" of the road.
 {¶ 28} Thus, from our review, we find that but for the alleged error the outcome of the trial would not have been different. We hold, therefore, that the error was harmless.
 {¶ 29} Moreover, in regard to appellant's argument that the police report was hearsay, not subject to a hearsay exception, we note that it was appellant, not the city, who moved to have the report admitted into evidence. Appellant now complains that the portion of the report that contains the officer's conclusion about the cause of the accident should not have been admitted. However, it was appellant who requested that the report be admitted into evidence "in its full form." As such, appellant waived his right to review on this point.
 {¶ 30} Accordingly, appellant's second assignment of error is overruled.
 {¶ 31} In his third assignment of error, appellant contends that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 32} In determining whether a criminal conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether the fact finder lost its way in resolving conflicting evidence and created such a manifest miscarriage of justice that the conviction must be reversed. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 33} Upon review, we do not find that the trial court clearly lost its way and created a manifest miscarriage of justice. As just mentioned, there was substantial, competent, credible evidence from which the trier of fact could have concluded that appellant caused the accident and left the scene. McLellan testified that appellant struck her vehicle from behind while she was stopped at a traffic light. She further testified that during her brief encounter with appellant he stated that "I guess I messed up." The officer testified as to the damage to McLellan's vehicle and the lack of damage to appellant's vehicle. Further, in reviewing the evidence, the magistrate noted that appellant's photographs did not depict damage to his vehicle nor the "incline" of the road.
 {¶ 34} Accordingly, appellant's third assignment of error is overruled.
 {¶ 35} In his fourth and final assignment of error, appellant contends that the trial court erred in denying his request for "expert" witnesses. Specifically, on the day of trial, appellant moved for a continuance for the purpose of subpoenaing the two officers who initiated the traffic stop. The magistrate questioned appellant as to why he had not previously subpoenaed the officers, to which appellant responded: "I was thinking that the prosecution was going to subpoena them because they were at the scene of this incident." The magistrate then inquired of appellant why the two officers were critical to his case. The magistrate denied appellant's requests after she determined that appellant was unable to articulate why the officers were vital to his case.
 {¶ 36} The decision whether to grant or deny a request to continue a trial until a later date is a matter committed to the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 423 N.E.2d 1078. An appellate court may not reverse the denial of a requested continuance absent an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 37} Upon review, we do not find that the magistrate abused her discretion in denying appellant's motion for a continuance because appellant was unable to demonstrate the need for the witnesses.
 {¶ 38} Therefore, the court properly denied his request and appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Karpinski, J., Concur.
[1] After the city and appellant stipulated that the license plate was mostly undamaged, with the exception of a slight bend on the right side of the plate, the plate was returned to appellant so that he would be able to drive his vehicle.