No. 730

BERNIUS v. HAMILTON CO. (Comrs.)

Ohio Appeals, 1st Dist., Hamilton County
No. 2321.  Decided Feb. 11, 1924

481.  EVIDENCE.

1. Exclusion of further similar evidence to that admitted not prejudicial.

2. Exclusion of expert testimony without qualification as such not prejudicial.

225.  CHARGE TO JURY.

1. Giving instruction substantially similar to one submitted by party complaining, not prejudicial.

2. Court properly instructs jury concerning matters admitted in evidence though not pleaded.

607.  HIGHWAYS.

1. Certain width of roadway for travel not imposed duty.

2. When accident not result of inability to pass another vehicle narrow roadway cannot be ascribed negligence.

BUCHWALTER, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Action for damages for death by wrongful act. George L. Bernius was driving an automobile northwardly from Cleves on the East Miami river road. It was alleged that on the west side of said road the commissioners had allowed a portion of the road to wash away, leaving large, deep holes in the traveled portion. On the other side of the road was an embankment sloping to the river. That the commissioners had constructive notice of the condition of the road, the defective condition having existed since April 10 to May 18, 1922. That the breaking a spring and steering gear rendered the automobile unmanageable, making the automobile to run down the embankment and overturn, causing injuries which resulted in the death of decedent. Contributory negligence was alleged. Verdict for commissioners was rendered. Error was prosecuted. Affirming the Common Pleas, the Court of Appeals held:

1. Record showing admission of evidence as to condition of road at time of accident, exclusion of further or similar evidence is not prejudicial.

2. Exclusion of hypothetical questions asked of decedent's brother as to cause of spring break and loss of control not prejudicial when no qualification of witness as expert was introduced.

3. Testimony tending to show that deceased drove off the roadway prior to striking the hole made the condition as to intoxication a proper subject of inquiry.

4. A party cannot complain at giving an instruction which is substantially similar to one submitted by himself.

5. Notwithstanding negligence regarding width of road was alleged evidence having been admitted concerning negligent width, it was proper for the court to charge on the subject.

6. There is no duty to provide a certain width of road for travel.

7. Narrow width of road not considered as negligence when accident was not the result of inability to pass another vehicle.

Attorneys—John A. Scanlon, for Bernius; Charles S. Bell and Chester S. Durr, for Hamilton Co. (Comrs.); all of Cincinnati.