STATE AUTO MUTUAL INS. CO., APPELLANT, ET AL., *v.*
CHRYSLER CORP. ET AL., APPELLEES.

(No. 72-918—Decided December 19, 1973.)

*Droder Co., L. P. A.,* and *Mr. Albert T. Brown, Jr.,* for appellant.

*Bloom & Greene Co., L. P. A., Mr. J. William Duning, Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. W. Roger Fry,* for appellees.

CORRIGAN, J. Appellant propounds four propositions of law. The first three propositions deal with the degree of proof necessary to bring products liability actions within the purview of the jury for a determination as to the extent of the manufacturer's and dealer's liability under their warranty obligations and the proof necessary to establish liability for negligent repair. Appellant's fourth proposition relates to the trial court's discretion in imposing sanctions under Civ. R. 37. Since this latter issue is procedural and ancillary to the primary issue involved in this action, it will be disposed of first.

## I

Appellant maintains that the trial court abused its discretion in not entering a default judgment against the appellees as a Civ. R. 37 sanction, since, appellant alleges, its interrogatories were evasively answered and its request for production under Civ. R. 34 was ignored for a considerable length of time.

Civ. R. 37 permits a party to move for an order compelling an answer, or an order compelling inspection in accordance with a request, and requires the court to award expenses to the moving party if the motion is granted. Civ. R 37 also designates other sanctions and orders which the trial court may, in its discretion, make if a party fails to comply with a Civ. R. 37 order.

In this case, it appears from the record that appellant failed to move for such an order under Civ. R. 37. Further, it is apparent that appellant, in its motion for the production of objects for inspection, under Civ. R. 34, failed to designate any time period for response and inspection.

The trial court, confronted with those circumstances, and the later production during trial of a brake hose of doubtful identity, exercised its discretion and assessed costs against appellee Chrysler Corporation for its failure to fully answer the interrogatories and for the delayed presentation of dubious evidence. Also, the trial court offered appellant a continuance for the purpose of inspecting the brake hose in question, which offer appellant declined.

Those facts indicate an attempt by the trial court to insure fairness to all parties in the conduct of the trial. Appellant failed to avail itself of the remedies provided by the Ohio Rules of Civil Procedure and the trial court. There is no showing that the trial court abused its discretion in limiting its sanction to an assessment of costs against the appellee. Appellant's fourth proposition of law is, therefore, overruled.

## II

In its first proposition of law, appellant contends that the failure of the braking system on a 77-day-old truck, due to the rupture of a right-front brake hose, raises a

jury question as to whether the truck was defective when manufactured and/or sold.

The present case was brought upon the theory of strict liability. Appellant maintains in its brief:

"The time has come, in the slow and orderly development of the law of products liability in the state of Ohio, for this court to clearly enunciate the 'practical equivalent of the doctrine of *res ipsa loquitur*' to be applied in products cases."

In cases involving strict liability, the theory of plaintiff's case, proof of negligence is not required, and the doctrine of *res ipsa loquitur* is applicable only insofar as it allows a jury to infer negligence once a plaintiff has met his burden of proof. Prosser, Law of Torts (4 Ed.), 673, Section 103. That burden of proof, as stated by this court in *Lonzrick* v. *Republic Steel Corp.* (1966), 6 Ohio St. 2d 227, consists of plaintiff's alleging and proving, by a preponderance of the evidence, that: (1) There was, in fact, a defect in the product manufactured and sold by the defendant; (2) such defect existed at the time the product left the hands of the defendant; and (3) the defect was the direct and proximate cause of the plaintiff's injuries or loss.

The evidence admitted at trial establishes that the brake failure was caused by a leakage of brake fluid from a hole in the right-front brake line, which was original equipment on the vehicle and had not been tampered with. There was also evidence indicating that the hole had not been caused by the accident itself, but there was no evidence to indicate that the hole in the hose was not caused by some prior external force.

Professor Prosser, at page 672, points out that a defective condition may be proved by circumstantial evidence, where such evidence makes out a preponderance of probability that the accident was cause by a defect and not other possibilities, although it is not necessary in a civil action to eliminate all other possibilities. See, also, *Vandagriff* v. *J. C. Penney Co.* (1964), 228 Cal. App. 2d 579, 39 Cal. Rptr.

671; *Schafer* v. *Wells* (1961), 171 Ohio St. 506, 511; and *Landon* v. *Lee Motors* (1954), 161 Ohio St. 82.

We conclude, therefore, that, even absent the testimony of the automobile mechanic, appellant introduced sufficient circumstantial evidence to avoid a directed verdict on the issue of the existence of a defect in the right-front brake hose at the time it passed out of the control of appellees. Accordingly, as to appellant's first proposition of law, the judgment of the Court of Appeals is reversed.

### III

In regard to appellant's second proposition of law, that a prima facie case of negligent repair is presented by the failure of the right-front brake hose, 16 days after replacement of the right-front brake drum and shoes, there is no evidence in the record that appellee Anstaett Dodge had occasion or cause to examine the brake hose during the repair work on the drum and linings. The record indicates that the backing plate, to which the right-front brake hose was attached, had never been removed. The record also contains evidence that, during the repair work, the master cylinder fluid reservoir was found to be full, negating any reason to suspect leakage in the hoses.

Paragraph seven of the syllabus in *Landon* v. *Lee Motors, supra* (161 Ohio St. 82), states the applicable Ohio rule in regard to the liability of a dealer who undertakes to repair a motor vehicle:

"One who contracts to repair or service an automobile is liable for any damage proximately resulting from the negligent or unskillful manner in which he makes the repairs or performs the services, but such repairman is not liable for an alleged failure to discover a latent defect, unless the evidence shows that he undertook to discover such defect and negligently failed to do so."

The Court of Appeals is affirmed as to the second proposition of law.

### IV

Appellant's third proposition of law is that:

"Opinion evidence regarding the defectiveness of the specific part of a braking system which failed is not re-

quired to raise a jury question as to the failure of a truck to be fit for the purpose intended.''

That proposition of law, as appellant states it, appears to relate both to appellant's prior argument that the failure of the breaking system of a new truck, in itself, raises a jury question of liability, and to the exclusion, at trial, of the opinion testimony of appellant's witnesses Noel, the police officer, and Crooks, the mechanic retained by appellant to examine the truck following the accident.

Insofar as appellant's proposition asserts that the testimony of Crooks, relative to a description of the allegedly defective brake hose, was improperly excluded by the trial court, we are in agreement.

The proffered testimony is as follows:

''Q. Mr. Crooks, based upon your observations, your experience and your knowledge, do you have an opinion as to the cause of the hole which you observed?

''Mr. Brown: Do you have an opinion?

''Mr. Crooks: Yes, yes.

''Mr. Brown: What is that opinion?

''Mr. Crooks: It had a defective brake line.

''Mr. Brown: Okay now, I'm afraid that's not responsive. The question is, do you have an opinion as to the cause of the hole?

''Mr Crooks: I said yes.

''Mr. Brown: Okay, and what caused the hole?

''Mr. Crooks: A rupture.

'' * * *

''Mr. Brown: * * * based upon the same observations, experience and knowledge, do you have an opinion as to whether or not the brake hose, which you observed, was defective?

''Mr Crooks: Yes.

''Mr. Brown: And what is that opinion?

''Mr. Crooks: It had a rupture in it.

''Mr. Brown: Okay, and based upon the same observations, experience and knowledge do you have an opinion as to whether or not the rupture, which you observed, was the result of any defect?

"Mr. Crooks: Yes.

"Mr. Brown: What is that opinion?

"Mr. Crooks: The hose is swollen up and busted.

"Mr. Brown: Okay, and what is your opinion regarding the relationship of the hole which you observed to a defective condition of the hose?

"* * *

"Mr. Crooks: Well, the hole, it had been blown out—fibers blown out of it and swelling around the hole.

"Mr. Brown: And was that rupture the result of a defect in the hose?

"Mr. Crooks: Yes."

The general rule in Ohio in regard to opinion evidence is that the testimony of witnesses upon matters within the common observation and experience of mankind must be limited to statements of concrete facts within the witnesses' own observation, knowledge and recollection, as distinguished from their opinions, inferences, impressions and conclusions based on such facts. *B. & O. Rd. Co.* v. *Schultz* (1885), 43 Ohio St. 270; *Steamboat Albatross* v. *Wayne* (1847), 16 Ohio 513; *Southern Ohio Rd. Co.* v. *Morey* (1890), 47 Ohio St. 207. See, also, 21 Ohio Jurisprudence 2d 405, Evidence, Section 400.

Exceptions to the general rule have been found to be, in some cases, necessary to the due administration of justice. An exception is given to "witnesses shown to be learned, skilled or experienced in a particular art, science, trade, or business" who, in a proper case, may be permitted to state an opinion on a given set of facts, where the jury would not generally be sufficiently familiar with such facts so as to be competent to draw inferences from such facts. *B. & O. Rd. Co.* v. *Schultz, supra; Cincinnati Mut. Ins. Co.* v. *May* (1851), 20 Ohio 211; *Hartford Protection Ins. Co.* v. *Harmer* (1853), 2 Ohio St. 452; *Crowell* v. *Western Reserve Bank* (1854), 3 Ohio St. 406; *Cleveland & Pittsburg Rd. Co.* v. *Ball* (1856), 5 Ohio St. 568; *Massachusetts Life Ins. Co.* v. *Eshelman* (1876), 30 Ohio St. 647; *Shepherd* v. *Midland Mutual Life Ins. Co.* (1949), 152 Ohio St. 6.

As a prerequisite to testifying, the expert must be

sufficiently qualified, that is, it must appear that his opinion is based upon some superior knowledge not possessed by ordinary jurors. *Bernius* v. *Hamilton County* (1924), 2 Ohio Law Abs. 696; *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Sheets* (1912), 15 C. C. (N. S.) 305, affirmed, 87 Ohio St. 476; *Cottom* v. *Klein* (1931), 123 Ohio St. 440.

The test for determining the competency of an expert witness is stated in 21 Ohio Jurisprudence 2d 429, Evidence, Section 421, as follows:

"* * * his qualification depends upon his possession of special knoweldge which he can impart to the jury, and which will assist them in regard to a pertinent matter, which he must have acquired either by study of recognized authorities on the subject or by practical experience, and it must appear that he has an opinion of his own, or is able to form one, upon the matter in question."

The expert, however, must first testify as to facts which are within his own knowledge upon which his opinion is based. *Clark* v. *State* (1843), 12 Ohio 483 (overruled on another point in *State* v. *Austin* [1905], 71 Ohio St. 317).

In the present case, the evidence established that the mechanic Crooks had specialized in the inspection, maintenance and repair of auto brake systems, and, among his other qualifications, he had seen ruptured brake hoses on 30 similar occasions.

It is further apparent from the record that the first objection to the line of questioning constituting Crooks' testimony was raised in response to this question asked by appellant's counsel:

"Now, what was the significance of your observation regarding the presence of fibers in the outward nature of this slit, Mr. Crooks?"

That line of questioning indicates an attempt by appellant's counsel to elicit an opinion from the witness to the effect that the brake hose had broken, or "ruptured," from internal pressure rather than from external forces caused by the accident itself. The exclusion of the witness' answer was erroneous, since the witness had testified to having observed ruptured hoses on 30 different occasions,

It is also not necessarily true that the jury could have drawn the same inference, since prior testimony had only elicited the statement that the hose:

"* * * had a slot in it with rubber busted, and it had fibers blown out of it.

"* * *

"Q. And the fibers were—

"A. Outward on it."

There was also other testimony by Crooks that the sides of this slot were pushed outward.

That evidence does not necessarily enable the jury, composed of average laymen, to raise the inference that internal pressure caused the hole, since the designs and functions of the various parts of braking systems are not ordinarily a familiar concept to the average juror.

Likewise, the absence of the brake hose in question for purposes of inspection by the jury makes Crooks' testimony, and the inferences to be drawn from it, more crucial. In a sense, Crooks was the only "expert" qualified to testify in this particular case, since he is the only witness who examined the hose in detail. This witness may not be qualified to testify as to the technical factors which may make a hose defective, for example, the chemical composition or thickness of the rubber and design of the fibers, inasmuch as such facts were not shown by the evidence to be within his own knowledge. However, in the absence of the hose at trial, he may testify as to facts which are within his knowledge regarding the hose.

Obviously, the most exact method of ascertaining a defect in the hose would be to subject the hose to scientific tests, under pressures applicable in an ordinary braking situation. In the absence of any direct evidence that the hose introduced by appellee Chrysler Corporation is the hose in question, this cannot be done.

Since a showing of the existence of a defect in the hose, in itself, invokes strict liability, the existence of a defect becomes the ultimate fact in this case. This court held, in paragraph three of the syllabus in *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77:

"Expert opinion testimony is admissible as to an ultimate fact without infringing [upon] the function of the jury, if the determination of such ultimate fact requires the application of expert knowledge not within the common knowledge of the jury."

The witness Crooks has had considerable experience with braking systems and has observed defective and ruptured hoses on numerous other occasions. Due to his long experience he was able to state that the brake hose was original equipment on the vehicle and had not been tampered with. Such testimony was admitted by the trial court. To then exclude Crooks' opinion that the hose was defective, when this opinion was, in fact, based upon testimony as to the appearance of the hose, and his past experience with defective hoses, constituted an abuse of discretion by the trial court.

The absence of the brake hose, due to no fault of the appellant, renders the excluded testimony the only probative evidence of a defect in the hose, and its exclusion was prejudicial.

The judgment of the Court of Appeals is, therefore, reversed in part and affirmed in part, and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment reversed in part and affirmed in part.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.