GAST ET AL., APPELLEES, *v.* SEARS ROEBUCK & CO.; WARWICK
ELECTRONICS, INC., APPELLANT.
FULTON INS. CO., APPELLEE, *v.* SEARS ROEBUCK & CO.;
WARWICK ELECTRONICS, INC., APPELLANT.

[Cite as Gast v. Sears Roebuck & Co.
(1974), 39 Ohio St. 2d 29.]

(Nos. 73-546 and 73-547—Decided July 3, 1974.)

30

*Messrs. Tone, Maddrell, Eastman & Grubbe* and *Mr. Herbert P. Eastman,* for appellees.

*Messrs. Arter & Hadden* and *Mr. Harry T. Quick,* for appellant.

CELEBREZZE, J. In both cases, plaintiffs failed to appeal the dismissal of their implied warranty causes of action. Thus, we are dealing strictly with negligence law, and strict liability in tort does not apply.

Basically, it is appellant's position that in a cause of action based on negligence the plaintiffs must show that there was a defective product, *and* that the defect was caused by defendant's failure to exercise ordinary care. They argue further that where *res ipsa loquitur* is relied upon to supply an inference of negligence, the plaintiffs must show that the defect would not occur but for the negligence of the defendant. Appellant argues that the plain-

tiffs failed to establish the defect and failed to show that the defect would not have occurred without negligence on the part of defendant.

Generally, to recover for negligence, a plaintiff must show that defendant was under a duty to exercise reasonable care to prevent injuries to others, that he breached that duty, that plaintiff's alleged injuries were the proximate result of the breach, and that plaintiff was in fact injured.

In the usual products liability case users of products need not show that the manufacturer was negligent. Courts recognized the difficulty in proving that the specific defect which caused the injury could have been eliminated had the manufacturer exercised ordinary care. Based upon that recognition, courts developed a new remedy—strict liability in tort for breach of implied warranty of fitness for ordinary use. Ohio adopted that remedy in *Lonzrick* v. *Republic Steel Corp.* (1966), 6 Ohio St. 2d 227. The obvious advantage is that plaintiff need only show that the defect existed at the time the product left the manufacturer, and that the defect was the proximate cause of the injury. Negligence need not be shown.

However, in this case, plaintiffs did not appeal the dismissal of their implied warranty causes of action; they chose to rely on negligence.

This court has stated that:

"* * * a defective condition [in a product at the time it left the control of the manufacturer] may be proved by circumstantial evidence, where such evidence * * * [shows] that the accident was caused by a defect and not other possibilities, although it is not necessary in a civil action to eliminate all other possibilities. * * *" *State Auto Mutual Ins. Co.* v. *Chrysler Corp.* (1973), 36 Ohio St. 2d 151, 156.

The evidence shows that the television set arrived at the Gasts' apartment, apparently in the same container in which it was shipped by appellant. Appellant argues that, since the Sears repairman removed the back panel and repaired a short circuit, the trial court could not find that the set was in the same condition as when it left the manufacturer.

Even though a repairman opened the back panel and fixed a short circuit, without disturbing any other parts, a jury question can arise. We determine that enough circumstantial evidence existed to make out a jury question on the issue of the existence of a defect in the television set at the time it left the manufacturer's control. The evidence also established that the television set probably caused the fire. Defect-free television sets do not *ordinarily* start fires, so the proximate cause of the fire could reasonably be ascribed to a defect in that television.

However, plaintiffs have failed to show that defendant was negligent in the manufacture of the television set. They rely on *res ipsa loquitur* to provide an inference of negligence. The trial court and the Court of Appeals accepted that premise.

We disagree.

Appellant argues, first, that *res ipsa loquitur* is applicable only if the instrumentality of the injury was in the exclusive control of defendant at the time of the accident. However, this court rejected that argument in *Schaefer* v. *Wells* (1961), 171 Ohio St. 506, wherein it was held that *res ipsa loquitur* could apply if the instrumentality was in the same condition as when it left the control of the defendant.

However, appellant raises a more fundamental reason for denying application of *res ipsa loquitur*. In *Soltz* v. *Colony Recreation* (1949), 151 Ohio St. 503, 511, the court explained that:

"* * * before applying the doctrine of *res ipsa loquitur*, the court must be warranted in taking judicial notice of the fact that the accident does not happen in the ordinary course of events unless there is negligence. * * *"

The Court of Appeals held that the *res ipsa loquitur* charge by the trial court was proper in this case. That holding is tantamount to saying that the existence of a defect is sufficient to raise an inference of negligence. If this position were accepted, the distinction between strict liability and negligence would disappear in products liability cases.

The judgment of the Court of Appeals is reversed, and final judgment is entered for appellants.

*Judgment accordingly.*

CORRIGAN, STERN and W. BROWN, JJ., concur.

O'NEILL, C. J., HERBERT and P. BROWN, JJ., concur in the syllabus and in the judgment.