Curtis Hamilton appeals the conviction and sentence entered upon him by the Scioto County Court of Common Pleas. On appeal, Hamilton asserts that the trial court erred by sentencing him to consecutive sentences for grand theft and receiving stolen property. Because the two offenses are allied offenses of similar import, we agree. Additionally, Hamilton asserts that the trial court abused its discretion by admitting evidence regarding footprints found at the crime scene. Because the trial court admitted the photographs and expert testimony regarding the footprints in accordance with the rules of evidence, we disagree. Finally, Hamilton asserts that the record does not contain sufficient evidence to support his conviction and that his conviction is against the manifest weight of the evidence. Because the record contains some competent credible evidence supporting each element of his crimes, and because the jury did not lose its way or create a manifest injustice, we disagree. Accordingly, we reverse in part and affirm in part the judgment of the trial court.
 I.
On or about November 13, 1998, Hamilton asked Kenneth Reed to assist him in an upcoming break — in at the Beaver IGA grocery store. Reed declined, and reported Hamilton's plan to the Scioto and Pike County Sheriff's Departments. During the night of November 15 or the early morning hours of November 16, 1998, Hamilton and his nephew, Brian Beasley, used a cutting torch to open the back door of the Beaver IGA. Hamilton and Beasley then cut a hole in the safe and removed $30,000 in cash, food stamps and rolled coins, three certificates of deposit valued at $5,000 each, three certificates of deposit valued at $10,000 each, and assorted business and personal papers.
Based upon the information supplied by Reed, Scioto and Pike County detectives obtained a warrant to search Hamilton's home. Deputies recovered several, of the certificates of deposit from the IGA safe, approximately $600 in cash and rolled coins, and approximately $125 in food stamps. Additionally, deputies confiscated a pair of Hamilton's sneakers.
The Scioto County Grand Jury indicted Hamilton for breaking and entering, a violation of R.C. 2911.13 (A); safecracking, a violation of R.C. 2911.31 (A); grand theft, a violation of R.C.2913.02 (A) (1); and receiving stolen property, a violation of R.C. 2913.51 (A). Hamilton pled not guilty to all charges. At trial, the state introduced Reed's testimony and the stolen property recovered from Hamilton's home. Additionally, the state introduced the expert testimony of forensic scientist William Mark. Mark testified that footprints photographed at the scene of the crime were consistent with Hamilton's sneakers. Additionally, Mark noted that Hamilton's sneakers were marked with burns consistent with those that would be made by a cutting torch. At the close of evidence, Hamilton made a Crim.R. 29 motion for acquittal based upon the sufficiency of the evidence. The trial court denied Hamilton's motion, and sent the case to the jury.
The jury found Hamilton guilty on all counts. The trial court sentenced Hamilton to nine months imprisonment and a three hundred dollar fine on count one of the indictment, and to twelve months imprisonment and a five hundred dollar fine on each of counts two, three and four of the indictment. The trial court ordered Hamilton to serve all the sentences consecutive to each other.
Hamilton filed a timely notice of appeal, and asserts the following assignments of error:
 I. The trial court erred as a matter of law/abuse of discretion in sentencing Defendant on Count 3 * * * and Count 4 * * * where the two are allied offenses of similar import, and then ordering the sentences to run consecutive.
 II. The jury's verdict is against the manifest weight of the evidence.
 III. The trial court abused its discretion to the prejudice of appellant by admitting exhibits and testimony regarding the footprints photographed at the scene.
 IV. The trial court erred as a matter of law/abuse of discretion in overruling appellant's Crim.R. 29 motion where the evidence was insufficient to sustain a conviction of breaking and entering, safecracking and grand theft.
 II.
In his first assignment of error, Hamilton contends that the trial court erred in sentencing him to serve consecutive sentences upon convictions for allied offenses of similar import. specifically, Hamilton contends that the trial court was required to order concurrent sentences for his convictions for grand theft and for receiving stolen property. The state concedes that the trial court erred in this regard.
The offenses of receiving stolen property and grand theft of that same property constitute allied offenses of similar import.State v. Stone (1990), 69 Ohio App.3d 383, 390, citing Maumee v.Geiger (1976), 45 Ohio St.2d 238, 240; accord State v. Rance
(1999), 85 Ohio St.3d 632, paragraph three of the syllabus. A defendant may be indicted, tried and found guilty for two offenses though they are allied offenses of similar import. SeeState v. Lang (1995), 102 Ohio App.3d 243, 251; State v. Fields
(1994), 97 Ohio App.3d 337, 346-347. However, that defendant may only be convicted or sentenced for one of the offenses. Id.; see, also, R.C. 2941.25 (A).
In this case, Hamilton was charged in count three with stealing items from the Beaver IGA safe and in count four with receiving the items stolen from that safe. Pursuant to R.C.2941.25 (A), Hamilton can not be convicted or sentenced for both crimes, as they constitute allied offenses of similar import. Therefore, the trial court erred in failing to merge the two counts for the purposes of conviction and sentencing.
Accordingly, we sustain Hamilton's first assignment of error. We remand this case to the trial court for appropriate sentencing on counts three and four of the indictment.
 III.
In his third assignment of error, Hamilton contends that the trial court abused its discretion by permitting the state to introduce photographs and testimony regarding footprints found at the crime scene. A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,271; State v. Hymore (1967), 9 Ohio St.2d 122, certiorari denied (1968), 390 U.S. 1024. The term "abuse of discretion" connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
Hamilton asserts that the trial court did not admit Mark's testimony regarding the footprints found at the scene in accordance with the rules of evidence. Specifically, Hamilton contends that the trial court should not have permitted Mark to testify regarding the similarity the footprints and Hamilton's sneakers, because Mark did not qualify as an expert on the subject.
Evid.R. 702 provides that a witness may testify as an expert if the following three conditions are met: (1) he or she is qualified as an expert by virtue of specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; (2) the testimony relates to matters beyond the knowledge or experience of lay persons or dispels a common misconception among lay persons; and (3) the testimony is based upon reliable scientific, technical, or other specialized information. The qualification of an expert depends upon the expert's possession of special knowledge that he or she has acquired either by study of recognized authorities on the subject or by practical experience that he or she can impart to the jury and that will assist the jury in understanding a pertinent matter. State Auto Mut. Ins. Co. v. Chrysler Corp. (1973),36 Ohio St.2d 151, 160. Furthermore, it must appear that the expert has an opinion of his or her own or is able to form one upon the matter in question. Id. The expert witness is not required to be the best witness on the subject, but his or her testimony must assist the trier of fact in the search for the truth. Nichols v.Hanzel (1996), 110 Ohio App.3d 591, 597, citing Alexander v. Mt.Carmel Med. Ctr. (1978), 56 Ohio St.2d 155, 159.
In this case, Mark testified that he received numerous years of training in the area of footprint identification before starting his own work in the area seven years ago. Additionally, Mark detailed the specialized methods he employs in footprint identification, and described the specialized information he looks for to conclusively identify a footprint. Based upon Mark's testimony, we find that the trial court did not abuse its discretion in permitting Mark to testify as an expert pursuant to Evid.R. 702.
Hamilton also asserts that the trial court abused its discretion in permitting Mark to testify regarding discovery materials that the state failed to provide to him in discovery. Specifically, Hamilton contends that he never received the black and white photographs of his shoe print, nor the inked impression of the shoe print generated by Mark in the laboratory.
When reviewing the propriety of a discovery ruling entered by the trial court, this court must determine whether the trial court abused its discretion. State v. Wiles (1991), 59 Ohio St.3d 71,78. Accordingly, we reverse a discovery ruling only if the trial court acted arbitrarily, unreasonably, or unconscionably. Berk, supra at 169. In this case, the trial court determined that Hamilton had a color copy of the black and white photograph introduced into evidence. Additionally, the trial court determined that Hamilton had access to Mark's final report regarding the footprint analysis, and that prior to the trial neither the state nor Hamilton had access to the inked footprint Mark used in his analysis. The trial court also offered Hamilton the use of a recess to review the photograph and the print prior to cross-examination. We can not say that the trial court acted arbitrarily, unreasonably or unconscionably in permitting the photograph and ink print to be introduced into evidence.
Accordingly we find that the trial court did not abuse its discretion and overrule Hamilton's third assignment of error.
 IV.
In his second assignment of error, Hamilton asserts that his conviction is against the manifest weight of the evidence. In his fourth assignment of error, Hamilton contends that the record does not contain sufficient evidence to support his conviction.
The Ohio Supreme Court clearly outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. [See, also, Jackson v. Virginia (1979), 443 U.S. 307.]
This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172,175. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v.Thomas (1982), 70 Ohio St.2d 79, 79-80; State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In this case, the evidence includes testimony that Hamilton planned to break into the IGA, that he sought help in doing so just two days before the crime occurred, and the fact that deputies found items from the IGA safe in Hamilton's home on the day after the theft. Viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found, beyond a reasonable doubt, that Hamilton broke into the IGA store and removed the contents of the safe. Accordingly, we overrule Hamilton's fourth assignment of error.
Even when a verdict is supported by sufficient evidence, an appellate court may nevertheless conclude that the verdict is against the manifest weight of the evidence because the test under the manifest weight standard is much broader than that for sufficiency of the evidence. State v. Banks (1992), 78 Ohio App.3d 206,214; Martin, supra at 175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." Statev. Eskridge (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Garrow (1995),103 Ohio App.3d 368, 370 — 371.
Upon review of the evidence outlined above, we find that the record contains substantial evidence upon which the jury could reasonably conclude that the state proved, beyond a reasonable doubt, that Hamilton broke into the IGA store and removed the contents of the safe. The trier of fact did not clearly lose its way or create a manifest miscarriage of justice. Accordingly, we overrule Hamilton's second assignment of error.
 V.
In conclusion, we find that the trial court erred in entering convictions and sentences upon Hamilton for both grand theft and receiving stolen property, as the two offenses constitute allied offenses of similar import. However, we overrule Hamilton's remaining assignments of error and find that the trial court did not abuse its discretion in admitting evidence, and that Hamilton's conviction is supported by the manifest weight and the sufficiency of the evidence. Accordingly, we remand this case to the trial court for the purpose of merging Hamilton's convictions for grand theft and receiving stolen property. In all other respects, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED IN PART AND AFFIRMED IN PART, and the cause remanded to the trial court for the trial court to enter a new sentence consistent with this opinion, and Appellant and Appellee to split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
_______________________ Roger L. Kline, Judge