JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Black Decker, (U.S.), Inc., appeals an order of the Cuyahoga County Common Pleas Court that found in favor of plaintiffs-appellees, State Farm Fire Casualty Company and Kim Krilosky, following a jury trial upon plaintiffs' complaint sounding in products liability. For the reasons that follow, we reverse.
 {¶ 2} The record reveals that Kim Krilosky ("Krilosky") is the owner of a home in Parma, Ohio, which she purchased with Laura Nelson ("Nelson") sometime in late 1997. The two moved into the home in early January 1998 with another individual, Janine Tomasello ("Tomasello"). Prior to moving in, Krilosky received a new spacemaker Black Decker coffee maker that could be and was mounted under the cupboard in the kitchen of their home. As was the custom of the three, one individual would set the timer of the coffee maker the night before and otherwise prepare the coffee maker to brew automatically by six a.m. each morning. After each had their coffee in the morning, the coffee maker would then be turned off or would automatically turn off.
 {¶ 3} This was apparently done without incident on the morning of March 3, 1998. The three then went to work. All three testified that no one used the coffee maker upon their return home from work. Krilosky left sometime around 6:30 p.m. to get something to eat leaving Nelson and Tomasello at home. While sitting in the living room, Nelson and Tomasello heard a cracking sound coming from the kitchen. Upon entering the kitchen, they observed the cupboard area where the coffee maker was mounted in flames. The Parma Fire Department eventually responded and the fire was quickly extinguished.
 {¶ 4} Krilosky filed a claim with her home insurer, State Farm, which ultimately paid $82,247.50 to have Krilosky's home repaired according to its replacement value. Krilosky was responsible for the $500 deductible. Seeking to recover these funds, State Farm, as subrogee, and Krilosky individually, in turn filed suit against Black Decker alleging that the coffee maker was defective and the proximate cause of the damage to Krilosky's home. In support of its case, State Farm retained Ralph Dolence ("Dolence"), a purported expert in fire cause and origin. Dolence is a retired fire fighter with a background in fire investigation. Over Black Decker's objection, Dolence opined that the coffee maker was solely responsible for the fire. In his opinion, the coffee maker (1) somehow turned itself on; (2) the thermostat then malfunctioned when it failed to regulate the heating device; and (3) the two thermal cut-out devices failed to shut off the flow of heat to the heating device causing "thermal runaway," which then in turn caused the unit to flame.
 {¶ 5} Black Decker denied these allegations. It is Black Decker's position that the coffee maker was attacked by the fire, not the cause of it. In particular, it relies on the testimony of Tomasello, who testified that she recalls seeing a lit candle on the counter near the coffee maker. In support of its position, Black 
Decker presented the testimony of David Sitter ("Sitter"), a senior safety assurance manager with Black Decker. Sitter possesses undergraduate and graduate degrees in electrical engineering. He testified that the remains of the coffee maker are inconsistent with thermal runaway when observing the pattern of damage to the heating element, otherwise known as the "cal rod." Moreover, he testified that the x-rays taken by Dolence of the coffee maker after it was retrieved from the fire support his opinion that the coffee maker's on/off switch was in the off position and therefore could not have "turned itself on," as opined by Dolence. Sitter opined that if it had not turned itself on, then the sequence of events testified to by Dolence could not have occurred.
 {¶ 6} Daniel Churchward, an expert in fire cause and origin, also testified on Black Decker's behalf. He also has a background as a fire fighter and investigator but also possesses an undergraduate degree in electrical engineering technology. He likewise concluded that the coffee maker was attacked by the fire rather than the cause of it. His testimony centered around the candle as the source of the fire.
 {¶ 7} The jury ultimately found the coffee maker to be defective and returned a verdict in favor of State Farm and Krilosky after the trial court denied Black Decker's motion for directed verdict. Black Decker now appeals and assigns three errors for our review.
 I. {¶ 8} In its first assignment of error, Black Decker contends that the trial court erred in failing to direct a verdict in its favor because appellees' expert's testimony was (1) inconsistent with the physical facts; and (2) based upon an impermissible stacking of inferences.
 {¶ 9} A directed verdict may be granted when, construing the evidence most strongly in favor of the non-moving party, the trial court determines reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to the non-moving party. Civ.R. 50(A)(4). A motion for directed verdict tests whether the evidence presented is legally sufficient to take the case to the jury.Wagner v. Midwestern Indemn. Co., 83 Ohio St.3d 287, 294, 1887-Ohio-111; see, also, Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66,68-69. When deciding whether to grant a directed verdict, the trial court must not weigh the evidence or determine the credibility of witnesses. Id. "This standard obviously presupposes that any questions of law have been previously resolved, and is concerned with questions of fact that are to be submitted to the jury." Gallagher v. Cleveland Browns FootballCo., 74 Ohio St.3d 427, 435, 1996-Ohio-320.
 {¶ 10} In a products liability case, a plaintiff must demonstrate by a preponderance of the evidence that (1) there was a defect in the product manufactured and sold by the defendant; (2) the defect existed at the time that the product left the hands of the defendant; and (3) the defect was the direct and proximate cause of plaintiff's injuries or loss. State Farm Fire Cas. Co. v. Chrysler Corp. (1988),37 Ohio St.3d 1, 5-6. In the absence of direct evidence of product defect, circumstantial evidence is sufficient "where a preponderance of that evidence establishes that the loss was caused by a defect and not other possibilities, although not all possibilities need be eliminated." Id. at 6, citing Friedman v. General Motors Corp. (1975),43 Ohio St.2d 209; State Auto. Mut. Ins. Co. v. Chrysler Corp. (1975),36 Ohio St.2d 151.
 {¶ 11} Thus, in order for State Farm and Krilosky to have defeated a motion for directed verdict in this case, they must have presented sufficient evidence to permit reasonable minds to differ as to whether a manufacturing defect existed in the coffee maker at the time it left Black Decker, which defect proximately caused the damage to the Krilosky home. In other words, if there was sufficient evidence supporting the existence of a defect in the coffee maker to permit reasonable minds to reach different conclusions, the case was properly submitted to the jury. Reiterating, appellees maintain that a defect existed in the coffee maker causing "thermal runaway," which, in turn, caused the subsequent fire in Krilosky's kitchen. According to Dolence, appellees' expert, the following sequence of events must have occurred; namely, (1) the on/off switch somehow came on; (2) the thermostat that regulates the heating element or cal rod malfunctioned causing it to overheat; and (3) two thermal cut-outs, which act as safety features to prevent overheating, likewise malfunctioned resulting in thermal runaway. Black Decker, on the other hand, argues that Dolence's opinion is inconsistent with the physical facts; namely, that an x-ray taken by Dolence of the retrieved coffee maker supports that the on/off switch was in the off position and, therefore, the sequence of events as opined by Dolence could not have occurred.
 {¶ 12} Where the testimony of a witness contravenes the laws of nature or is clearly in conflict with principles established by the laws of science, that testimony is of no probative value and a jury is not permitted to rest its verdict upon such testimony. McDonald v. Ford MotorCo. (1975), 42 Ohio St.2d 8, 12-13, quoting Connor v. Jones (1945),115 Ind. App. 660, 670; Zollman v. Symington Wayne Corp. (1971),438 F.2d 28, 31-32. Known as the physical facts rule, the "palpable untruthfulness" of the testimony of the plaintiff or one of his or her witnesses requiring the trial court to take the case from the jury under this rule must be (1) inherent in the rejected testimony, so that it contradicts itself; (2) irreconcilable with the facts of which, under recognized rules, the court takes judicial knowledge; or is obviously inconsistent with, contradicted by, undisputed physical facts. McDonaldv. Ford Motor Co., 42 Ohio St.2d at 12-13.
 {¶ 13} "Each of these formulations strikes a balance between, on the one hand, the common sense notion that physical facts and evidence can be so conclusive and demonstrative that no reasonable person could accept the truth of contrary testimony, and, on the other hand, the need for courts to be wary of treating a party's theory of a case as "fact," when a different theory is also possible in the case." Id. at 13.
 {¶ 14} Thus, the issue becomes whether circumstantial evidence of physical facts is so conclusive so as to undoubtedly rebut testimony presenting a different version. We think so.
 {¶ 15} Dolence's opinion rests on the assumption that the coffee maker's on/off switch malfunctioned and somehow the unit turned itself on. This being an automatic coffee maker, such an event is not so incredible. Nonetheless, Dolence testified that he had no direct evidence of this switch's malfunction because the switch itself was destroyed during the course of the fire. Notwithstanding, Dolence testified that during the course of his investigation, he x-rayed the unit's remains. Examining that x-ray, Sitter, Black Decker's expert, testified that the on/off switch was in the off position and that it remained in that position throughout the fire. There was no contrary testimony offered by State Farm and Krilosky. Consequently, it was an undisputed fact, a physical fact, that the on/off switch was in the off position. If the switch was in the off position, then Dolence's opinion as to the sequence of events is unsupportable and cannot serve as a basis to substantiate that the coffee maker was defective.
 {¶ 16} Without any evidence, circumstantial or otherwise, that the coffee maker was defective, reasonable minds could only come to one conclusion and that would be adverse to State Farm and Krilosky. The trial court, therefore, erred when it denied Black Decker's motion for directed verdict.
 {¶ 17} Black Decker's first assignment of error is well taken and is sustained.
 II. {¶ 18} Due to our disposition of Black Decker's first assignment of error, the remaining assignments of errors need not be addressed. See App.R. 12(A)(1)(c).
Judgment reversed.
This cause is reversed.
It is, therefore, ordered that appellant recover from appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga Common Pleas Court to carry this judgment into execution.
 {¶ 19} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS
 FRANK D. CELEBREZZE, JR., J., DISSENTS WITH SEPARATE OPINION
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).