Gregory PARSLEY, et al., Plaintiffs,

v.

HAMILTON BEACH/PROCTOR SILEX, INC., et al., Defendants.

No. 3:04cv101.

United States District Court, S.D. Ohio, Western Division.

July 9, 2007.

Grey Wilbur Jones, Cheryl L. Ryan, Grey Jones & Associates, Kerri Lou McCloskey, Nelson Levine De Luca & Horst, Columbus, OH, for Plaintiffs.

Charles Joseph Faruki, Katrina Lee Wahl, Karl Eric Neudorfer, Faruki Ireland & Cox PLL, Timothy G. Pepper, Taft Stettinius & Hollister LLP, Dayton, OH, for Defendants.

DECISION AND ENTRY SUSTAINING DEFENDANT HAMILTON BEACH/PROCTOR SILEX, INC.'S, MOTION FOR SUMMARY JUDGMENT (DOC. # 28) AS TO COUNTS ONE–THREE, DISMISSING COUNT FOUR OF PLAINTIFFS' AMENDED COMPLAINT AND OVERRULING, AS MOOT, DEFENDANT HAMILTON BEACH/PROCTOR SILEX, INC.'S, MOTIONS TO STRIKE REPORT AND EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT WITNESSES STEPHEN CLAYTOR (DOC. # 26) AND BERNARD E. DORAN (DOC. # 27); JUDGMENT TO BE ENTERED ON BEHALF OF DEFENDANTS AND AGAINST PLAINTIFFS; TERMINATION ENTRY

RICE, District Judge.

Plaintiffs, Gregory and Karen Parsley, filed the instant Complaint on January 7, 2004, in the Preble County Court of Common Pleas, alleging three causes of action, Product/Strict Liability (Count One), Negligence (Count Two) and Breach of Warranty (Count Three). Doc. # 1, Att. # 1. The Defendant, Hamilton Beach/Proctor Silex, Inc. ("Hamilton Beach"), filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), based upon diversity jurisdiction. Doc. # 1.[1] The Plaintiffs filed an Amended Complaint on May 17, 2004, in which they alleged the same causes of action.[2] Doc. # 6. This matter is now before the Court on the Defendant's Mo-

---

1. In both their initial and amended Complaints, the Plaintiffs have also alleged a fourth cause of action, reiterating all their claims against John Doe Defendants (Count Four). The Plaintiffs have made no effort to substitute actual Defendants for these Defendants. Accordingly, Count Four is dismissed for want of prosecution. From this point forward, the Court will refer to the sole, remaining Defendant, Hamilton Beach, in the singular.

2. Though their Amended Complaint alleged the same causes of action as the original, the Plaintiffs did add additional factual allegations and additional allegations pertinent to Count One.

tion for Summary Judgment (Doc. # 28) and its Motions to Exclude the Testimony of Plaintiffs' Expert Witnesses Stephen Claytor (Doc. # 26) and Bernard E. Doran (Doc. # 27). In support of its motion for summary judgment, the Defendant argues that, with or without the testimony of their experts, the Plaintiffs cannot meet their burden of proof. Doc. # 28 at 5–6. The Plaintiffs concede that they cannot meet their burden absent the testimony of their expert witnesses. Doc. # 35. The Court will, therefore, first examine the merits of the Defendant's Motion for Summary Judgment, assuming, arguendo, the admissibility of Plaintiffs' expert testimony. Then, should that motion be deemed not well taken, the Court will determine if the report and testimony of either of the Plaintiffs' expert witnesses should be excluded from consideration. If so, the Defendant's Motion for Summary Judgment will be sustained.

## I. FACTUAL BACKGROUND

The Plaintiffs owned property located at 1132 State Route 503, West Alexandria, Ohio. Doc. # 6, ¶ 1.[3] On January 9, 2002, a fire occurred at the Plaintiffs' property. *Id.,* ¶ 2. The fire originated in a coffee maker manufactured by the Defendant. Doc. # 26, Ex. D at 5. The coffee maker in question had a fault that caused the fire, and was defective. Doc. # 27, Ex. A at 2–3.

## II. STANDARD FOR RULING ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323, 106 S.Ct. 2548; *see also Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial") (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995). Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to

---

**3.** Allegations from the Plaintiffs' unverified Amended Complaint are referred to only for the purposes of compiling as complete a factual background as possible. For purposes of ruling on the Defendant's Motion for Summary Judgment, the Court will refer to only that evidence which complies with Fed. R.Civ.P. 56(e).

produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law, Fed.R.Civ.P. 50). *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Michigan Protection and Advocacy Serv., Inc. v. Babin,* 18 F.3d 337, 341 (6th Cir. 1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson,* 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990); *see also L.S. Heath & Son, Inc. v. AT & T Information Sys., Inc.,* 9 F.3d 561 (7th Cir.1993); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment ..."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

## III. ANALYSIS

The Plaintiffs have alleged claims of product/strict liability, negligence and breach of warranty. The elements of proof for their product/strict liability and breach of warranty claims are the same. The Court will therefore first address whether the Plaintiffs have raised a genuine issue of fact regarding those two claims, and then will address their claim of negligence.

A. *Product/Strict Liability and Breach of Warranty* (Counts One and Three)

■ To successfully make out a *prima facie* case, the Plaintiffs must prove, by a preponderance of the evidence, that:

1. there was, in fact, a defect in the product manufactured and sold by the defendant;

2. such defect existed at the time the product left the hands of the defendant; and

3. the defect was the direct and proximate cause of the plaintiff's injuries or loss.

*State Auto. Mut. Ins. Co. v. Chrysler Corp.*, 36 Ohio St.2d 151, 304 N.E.2d 891, paragraph two of the syllabus (1973) (product liability); *see also*, O.R.C. § 2307.71 *et. seq* (same); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 321, 364 N.E.2d 267 (1977) (breach of warranty). The Plaintiffs have offered evidence suggesting that a defect in the Defendant's coffee maker caused the fire on their property, thus raising a genuine issue of material fact on the first and third elements of their *prima facie* case. However, the Defendants argue, there is insufficient evidence in the record to raise such a genuine issue of material fact to support the second element. Doc. # 28 at 11

■ A manufacturer cannot be held liable for product liability unless the alleged defect existed at the time the product left the hands of the manufacturer. *Sikorski v. Link Elec. & Safety Control Co.*, 117 Ohio App.3d 822, 691 N.E.2d 749, (Cuyahoga Cty. Ct.App.1997). If direct evidence is unavailable, a defect in a manufactured product existing at the time the product left the manufacturer may be proven by circumstantial evidence. *Friedman v. General Motors Corp.*, 43 Ohio St.2d 209, 331 N.E.2d 702, syllabus (1975). In some circumstances, where there is no evidence of tampering or abuse, the mal-function of a part may create the inference of a defect existing at the time of manufacture, thus, in the summary judgment context, raising a genuine issue of material fact on the above-referenced second element. *See, State Auto Mutual Ins. Co. v. Chrysler Corp., supra; see also, Cincinnati Ins. Co. v. Volkswagen of America, Inc.*, 29 Ohio App.3d 58, 502 N.E.2d 651 (1985). However, the evidence herein is insufficient to allow a reasonable jury to make such an inference.

At least one Ohio court has examined the question of when evidence is sufficient to support the inference that a coffee maker was defective at the time it was manufactured. In *Cincinnati Ins. Co. v. Mr. Coffee*, 1995 WL 517054 (Cuyahoga Cty. Ct.App., August 31, 1995), the tenant presented evidence that she had purchased the coffee maker six months prior to the fire, that she had used it only eight to ten times before the fire and that she had never dropped or damaged it. The court held that the evidence was such that a reasonable jury could find that the coffee maker was defective when it left the manufacturer's possession. *Id.*

■ The coffee maker at issue was manufactured in May of 1994. Doc. # 27, Ex. # 1 at 3. The fire is alleged to have occurred on January 9, 2002, almost eight years later. Doc. # 6, ¶ 2. Unlike the plaintiff in *Cincinnati Ins. Co. v. Mr. Coffee*, the Plaintiffs in this matter have offered no evidence regarding when the coffee maker was purchased. Nor has any evidence been proffered, by proper Rule 56 materials, eliminating other possible sources of the defect. The only evidence on the record is that the coffee maker was almost eight years old at the time it was alleged to have caused the fire. This evidence is insufficient to allow a reasonable jury to conclude that it was defective at the time it left the Defendant's hands, and,

accordingly, to raise a genuine issue of material fact on this element. *Cf., State Auto Mutual Ins. Co. v. Chrysler Corp., supra* (inherent defect in original equipment evidenced by failure of part in automobile purchased new 77 days prior to accident); *Cincinnati Ins. Co. v. Volkswagen of America, Inc., supra* (question of whether defect was present at time of manufacturing could be submitted to jury where plaintiff's experts eliminated other possibilities as source of the defect).

The Plaintiffs in their Amended Complaint also allege that the Defendant's coffee maker was defective in design, as the Defendant failed to provide appropriate installation instructions and appropriate warnings. Doc. # 6, ¶¶ 13–14. The Defendant argues that the Plaintiffs have offered nothing to support those allegations. Doc. # 28 at 9. In response, Plaintiffs have failed to indicate that portion of the record they believe raises a genuine issue of material fact regarding these allegations. Doc. # 35.

The Plaintiffs have failed to offer evidence sufficient for a reasonable jury to conclude that the coffee maker was defective at the time it left the Defendant's possession or that it failed to provide appropriate installation instructions and warnings. Accordingly, Plaintiffs having failed to raise a genuine issue of material fact on matters for which they bear the burden of proof at trial, the Defendant's Motion for Summary Judgment (Doc. # 28) is SUSTAINED as to Counts One and Three.

**B. *Negligence* (Count Two)**

■ A negligent design defect claim requires proof of three elements:

1. duty to design against reasonably foreseeable hazards;
2. breach of that duty; and
3. injury which was proximately caused by the breach.

*Briney v. Sears, Roebuck & Co.,* 782 F.2d 585, 587 (6th Cir.1986). The only evidence offered by the Plaintiffs regarding the allegedly defective design of the coffee maker is the testimony of their expert Bernard Doran. Doc. # 35 at 1–2. However, Doran, in his deposition, testified that he was unable to express an opinion regarding whether or not the Defendant's coffee maker was defectively designed. *See,* Doc. # 28, Ex. B, Deposition of Bernard Doran at 151–52.[4] Nothing offered by the Plaintiffs would allow a reasonable jury to conclude that the coffee maker was defective in its design. Consequently, the Plaintiffs have failed to raise a genuine issue of material fact regarding whether or not the Defendants breached their duty to design against reasonably foreseeable hazards, and the Defendants are entitled to summary judgment on Count Two of the Plaintiffs Amended Complaint.[5]

**IV. CONCLUSION**

The Motion of Defendant Hamilton Beach/Proctor–Silex, Inc., for Summary Judgment (Doc. # 28) is SUSTAINED, as to Counts One through Three. Count Four of the Plaintiffs' Amended Complaint

---

4. Q. Do you have an opinion as to whether or not this coffee maker was defectively designed?

A. I have not seen the design documents or the manufacturer's information.... I guess I could not address whether or not it's improperly designed.

5. The Plaintiffs, in Count Two, also allege that the Defendants were negligent in selling a defective product. Doc. # 6, ¶ 18. However, as has already been discussed, the Plaintiffs have failed to raise a genuine issue of material fact regarding whether the Defendants' product was defective at the time it left its hands. As they cannot demonstrate that the product was defective at the time it left the Defendant's hands, they cannot demonstrate that the Defendant was negligent in selling a defective product.

is DISMISSED. The Motions of Defendant Hamilton Beach/Proctor–Silex, Inc., to Strike Report and Exclude Testimony of Plaintiffs' Expert Witnesses Stephen Claytor (Doc. # 26) and Bernard Doran (Doc. # 27) are OVERRULED, as moot.

Judgment is to be entered on behalf of the Defendants and against the Plaintiffs on Counts One, Two and Three of Plaintiffs' Amended Complaint.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.