{¶ 48} While I concur with the majority's conclusions as to appellant's second assignment of error on this issue of punitive damages, I must respectfully dissent as to the majority's conclusions regarding the refusal of the trial court to permit witness Randall from offering expert testimony as to standards in the fencing industry.
 {¶ 49} Evid. R. 702(B) provides that a witness is "qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony," and while the party offering the testimony of a purported expert bears the burden establishing the witness' qualifications, the expert "need not be the best witness on the subject." Scott v. Yates (1994), 71 Ohio St.3d 219,221. The expert must demonstrate some knowledge on the particular subject superior to that possessed by an ordinary juror. State Auto Mut.Ins. Co. v. Chrysler Corp. (1973), 36 Ohio St.2d 151, 160. Moreover, the expert "need not have complete knowledge of the field in question, as long as the knowledge he or she possesses will aid the trier of fact in *Page 14 
performing its fact-finding function." State v. Davis (2008),116 Ohio St.3d 404, 2008-Ohio-2, ¶ 147.
 {¶ 50} As Professor Giannelli explains, "[e]xperience alone may qualify a witness to express an opinion. `Qualifications which may satisfy the requirements of Evid. R. 702 are multitudinous. * * * [T]here is no "degree" requirement, per se. Professional experience and training in a particular field may be sufficient to qualify one as an expert.'" Giannelli and Snyder, Evidence (2001), § 702.5, 598, citing State v.Mack (1995), 73 Ohio St. 3d 502, 511; see additional citations at footnote 66.
 {¶ 51} "The lack of formal education does not render a witness' testimony incompetent. Expert testimony can be based on practical experience. Cleary, McCormick on Evidence (1972), § 13; see Bronaugh v.Harding Hospital (1967), 12 Ohio App.2d 110, 114; Scofield v. Fox
(Cuyahoga Cty. App. 1926), 5 Ohio Law Abs. 565." Stelter v. Stelter
(June 28, 1979), 8th Dist. No. 39185, 1979 Ohio App. LEXIS 11430 (proposed expert had purchased in excess of two hundred slot machines and was thus qualified to testify as to the value of a slot machine). Id. at 4-5. See, also, Chrysler, supra, in which the court found that a mechanic who had seen ruptured brake hoses on thirty occasions was qualified to testify as to a defect in a brake hose. Id. at 18.
 {¶ 52} The trial court and the majority appear to be holding this witness to a higher standard. The trial court noted that Mr. Randall failed to demonstrate that he had any "specialized training with respect to what constitutes standard in the industry * * * he never taught regarding it, never wrote regarding it and * * * never testified about it before." The majority appears to hold that experience alone is insufficient, which finding is contrary to well-established precedent. The majority also cites this court's decision in *Page 15 Marchese Concrete Co., Inc. v. DeRubba, 11th Dist. No. 2004-T-0119,2006-Ohio-330, in support of its decision; however, the key to that decision was the witness' failure to "* * * offer the specific industry standard. * * *" Id. at ¶ 49. Here Mr. Randall explained the industry standard quite specifically, i.e., gates used in swimming pool fence installations must be self-closing and self-latching. This standard is not like a scientific theory which requires "supporting data" as a foundational prerequisite.
 {¶ 53} My review of the trial deposition of Mr. Randall reveals that a sufficient foundation was laid to permit Mr. Randall to testify as to the industry standard, and that he was qualified to articulate the industry-wide standards as to the use of self-closing and self-latching gates in swimming pool fence installations. Mr. Randall testified that he had over twenty years experience in this industry and had installed thousands of fences, including between six to ten swimming pool fences per year. He worked his way up from a laborer to a company officer overseeing fence installations, and at some point in his career he was a member of the American Fence Association, a national industry trade group.
 {¶ 54} If a witness is qualified to testify as to a defective brake hose based solely upon having seen ruptured brake hoses on thirty similar occasions, Mr. Randall is qualified to testify as to industry standards for swimming pool gates in this case. *Page 1